A89A0807. THE STATE v. WEBB.
(386 SE2d 891)

CARLEY, Chief Judge.

An accusation was filed, charging appellee with possession of marijuana in violation of the Georgia Controlled Substances Act. He filed a pretrial motion to suppress the marijuana which had been seized from his automobile. The trial court granted appellee's motion and the State appeals.

1. At the hearing on the motion to suppress, only the arresting officer testified. His testimony was as follows: About 2:00 a.m., appellee turned from one road onto another and began to approach a roadblock that had been set up a short distance from the intersection. Appellee made a u-turn before reaching the roadblock, but the officer, who had observed appellee's seemingly evasive action, stopped him. After being stopped, appellee left his vehicle to meet the officer in front of the patrol car. After checking appellee's driver's license and insurance card, the officer approached appellee's vehicle and, using a flashlight, looked through a window. From his vantage point, the officer recognized the odor of marijuana and saw a partially smoked marijuana cigarette in a hemostat on the front seat of appellee's car. The officer believed that the cigarette contained marijuana because he had previously seen a hemostat used as drug paraphernalia and he had smelled the odor of marijuana before. The officer then arrested appellee for possession of marijuana and for making an illegal u-turn. The officer asked, but was refused permission to search appellee's car. Pursuant to standard procedure, the officer then inventoried and impounded appellee's vehicle prior to towing. In the course of that inventory, the officer found a small tupperware container which held a set of scales and a small amount of additional marijuana.

The trial court concluded that, insofar as appellee's u-turn was technically not in violation of OCGA § 40-6-121, the evidence should be suppressed as the fruit of an illegal arrest. However, the issue of whether appellee's u-turn was or was not illegal is not the relevant inquiry in the determination of whether the marijuana should be suppressed. The State does not seek to justify the warrantless search and seizure solely as incidental to appellee's arrest for a traffic offense. Under the evidence, the following is undisputed: Appellee was originally *stopped* because he had made a possible illegal u-turn in an apparent effort to evade a roadblock; during the course of this traffic stop, the officer observed marijuana *in plain view* in the interior of appellee's car; and, appellee was then arrested for *both* the purported traffic offense and the drug offense. If the *original stop* of appellee's vehicle was justified under the existing circumstances, then the *subsequent seizure* of the marijuana and arrest of appellee for possession of that contraband may yet be valid, notwithstanding the illegality of appellee's *eventual arrest* for the traffic offense. "If the officer acting in good faith believes that an unlawful act has been committed, his actions are not rendered improper by a later legal determination that the defendant's actions were not a crime according to a technical legal definition or distinction determined to exist in the penal statute. It is not the officer's function to determine on the spot such matters as, e.g., jurisdiction or the legal niceties in definition of a certain crime, for these are matters for the courts. [Cits.] The question to be de-

cided is whether the officer's motives and actions at the time and under all the circumstances, including the nature of the officer's mistake, if any, were reasonable ([cit.]) and not arbitrary or harassing. [Cit.]" *McConnell v. State*, 188 Ga. App. 653, 654 (1) (373 SE2d 111) (1988).

" '[R]easonable suspicion of criminal activity warrants a temporary seizure for the purpose of questioning limited to the purpose of the stop.' [Cits.]" *Jones v. State*, 187 Ga. App. 421, 423 (370 SE2d 784) (1988). "The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow . . . a criminal to escape." *Adams v. Williams*, 407 U. S. 143, 145 (92 SC 1921, 32 LE2d 612) (1972). Although an officer's honest belief that a traffic violation has actually been committed in his presence may ultimately prove to be incorrect, such a mistaken-but-honest belief may nevertheless demonstrate the existence of "at least an articulable suspicion and reasonable grounds for the stop." *McConnell v. State*, supra, 653 (1). Moreover, "deliberately furtive actions and flight at the approach of strangers or law officers are strong indicia of *mens rea*. . . ." *Sibron v. New York*, 392 U. S. 40, 66 (88 SC 1889, 20 LE2d 917) (1968). Accordingly, regardless of whether appellee's act of making a u-turn was or was not technically a traffic violation, it was nevertheless clearly a sufficiently suspicious and deliberately furtive response to the roadblock so as to give the officer at least a reasonable suspicion of appellee's criminal activity and to warrant further investigation. Therefore, the original stop of appellee's vehicle was authorized and, if the officer did not subsequently violate appellee's Fourth Amendment rights, the motion to suppress should not have been granted. See *State v. Noble*, 179 Ga. App. 785 (347 SE2d 722) (1986). See generally *Chumbley v. State*, 180 Ga. App. 603 (349 SE2d 823) (1986).

2. " 'The (plain view) doctrine will support a warrantless search and seizure if the agents are lawfully in position to obtain the view, the discovery is inadvertent, and the object viewed is immediately seen to be incriminating. (Cits.)' [Cit.]" *Gabbidon v. State*, 184 Ga. App. 475, 476 (2) (361 SE2d 861) (1987).

An officer is " 'where he is entitled to be . . . so long as he has not violated the defendant's Fourth Amendment rights in the process of establishing his vantage point. [Cits.]' [Cit.] . . . 'The viewing [itself] need not be motivated by any articulable suspicion. . . .' " *Galloway v. State*, 178 Ga. App. 31, 33-34 (342 SE2d 473) (1986). Since the original investigatory stop of appellee was authorized, the officer was clearly in a lawful position when he viewed the interior of the vehicle. "The use of a flashlight to expose to better light what would otherwise be visible to one who simply looks through the car window

does not make the viewing any more of a search or any less of a plain view." *State v. Hodges,* 184 Ga. App. 21, 25 (360 SE2d 903) (1987). The discovery was inadvertent even though the officer may have suspected that he would find incriminating evidence when he looked in appellee's vehicle. *State v. Scott,* 159 Ga. App. 869, 871 (2) (285 SE2d 599) (1981). The objects viewed by the officer were immediately seen to be incriminating. The presence of the partially smoked marijuana cigarette alone incriminated appellee and furnished probable cause for his arrest. See *State v. Hodges,* supra at 24-25; *Rowe v. State,* 184 Ga. App. 437 (361 SE2d 705) (1987). The hemostat and the odor of marijuana were likewise incriminating. "[A]n officer need not rely only on sight but any of his senses may be used. [Cit.]" *Griffin v. State,* 180 Ga. App. 189, 190 (348 SE2d 577) (1986).

"Immediately [after the investigatory stop,] the plain view doctrine came into effect with the smelling of the odor of marijuana and observing the . . . paraphernalia [and the marijuana cigarette] in the automobile." *Jones v. State,* 156 Ga. App. 730, 731 (275 SE2d 778) (1980). "Thus, neither the stopping of [appellee] nor the observation of certain items of property in *plain view . . .* tainted any subsequent search of [appellee's] vehicle." (Emphasis in original.) *Jones v. State,* 187 Ga. App., supra at 423.

3. The arrest of appellee for possession of marijuana was based on probable cause and was not rendered illegal by the officer's previous actions. The subsequent inventory search of appellee's vehicle, which led to the discovery of additional marijuana, did not violate his Fourth Amendment rights. See *Jones v. State,* 187 Ga. App., supra at 423-24.

4. Based upon the undisputed evidence, the grant of the motion to suppress was erroneous and is reversed.

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 25, 1989.

*Frank C. Winn, District Attorney, Lois W. Gerstenberger, Assistant District Attorney,* for appellant.

*Joanne E. Elsey,* for appellee.