A92A1247. THE STATE v. SPARKS.
(422 SE2d 293)

MCMURRAY, Presiding Judge.

Defendant Sparks is charged by indictment with possession of methamphetamine in violation of the Georgia Controlled Substances Act. The State appeals following the grant of defendant's motion to

suppress evidence found during an inventory search of defendant's pickup truck. *Held*:

The evidence on the hearing of defendant's motion to suppress evidence shows that: A deputy sheriff on patrol observed defendant Sparks and a companion dumping manure from the back of a pickup truck onto private property. The deputy approached them, asked for identification which they produced, and asked them what they were doing. Defendant stated that he had loaded the manure into the truck but had loaded too much and was getting some of the manure out of the truck so that it would drive properly. Based on this information the deputy placed defendant under arrest for littering in violation of a county ordinance. After placing defendant under arrest, the deputy asked him if he had insurance on the vehicle. Defendant, who stated that he was the owner of the pickup truck, could not produce an insurance card for the vehicle. The deputy called for a tow truck to impound the vehicle. In the course of conducting an impound inventory of the vehicle, the deputy opened the glove box of the vehicle and found a plastic container with a clear top which contained a rolled up dollar bill and a zip-lock container with a white powdered substance which the officer suspected was contraband.

After hearing this evidence, the superior court concluded that the deputy had probable cause to cite defendant for littering in violation of the county ordinance, but that the officer had no right to place defendant under arrest since the county ordinance in question does not allow for such arrest. See OCGA § 15-10-63. The court also found that there was no probable cause to search defendant's vehicle having concluded that the arrest and search were illegal, the superior court ordered the evidence, seized as a result of the search, suppressed.

The State argues that the arrest was legal since the deputy had probable cause to arrest defendant for violating OCGA §§ 12-8-24 and 16-7-43. In this connection, we note that the conduct prohibited by the county ordinance, under which defendant was arrested, and by OCGA § 16-7-43 are virtually the same. Therefore, since the deputy had probable cause to cite defendant for violation of the county ordinance, he also had probable cause to arrest defendant for a violation of OCGA § 16-7-43.

The deputy's probable cause to arrest defendant for a violation of OCGA § 16-7-43 was not affected by the deputy's characterization of the crime for which the arrest was made. "A 'warrantless arrest' is constitutionally valid if, at the moment the arrest is made, the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the accused had committed or was committing an offense. *Durden v. State*, 250 Ga. 325, 326 (297 SE2d 237) (1982); *Beck v. Ohio*, 379 U. S. 89, 91 (85 SC 223, 13

LE2d 142) (1964)." *Callaway v. State*, 257 Ga. 12, 13 (2) (354 SE2d 118). This is an objective standard rather than a subjective standard and addresses the facts known to the officer at the time of the arrest rather than to the characterization or basis for behavior stated by the officer. While the courts must apply this standard with a view to guarding against pretextual arrests, "when a crime under which the arrest is made and a crime for which probable cause exists are in some fashion related, then there is no question but that there is a valid arrest. [Cits.]" *Mills v. Wainwright*, 415 F2d 787, 790 (1). "Any other rule would force police officers to routinely charge every citizen taken into custody with every offense they thought he could be held for in order to increase the chances that at least one charge would survive the test for probable cause. Such a clogging of the criminal process already heavily encumbered, would be pointless." *United States v. Atkinson*, 450 F2d 835, 838 (4).

Since the offense for which plaintiff was arrested and the offense for which probable cause to arrest existed were related, the arrest of defendant was authorized. The subsequent chain of events leading to discovery of the contraband was lawfully conducted and the contraband found during the impoundment inventory is not the fruit of a poisonous tree. The superior court erred in granting defendant's motion to suppress.

*Judgment reversed. Sognier, C. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 9, 1992.

*Garry T. Moss, District Attorney, Charles D. Gafnea, Assistant District Attorney*, for appellant.

*J. Richard Neville*, for appellee.