A92A1931, A92A1932. BROOKS v. THE STATE; and vice versa.
(425 SE2d 911)

McMurray, Presiding Judge.

In Case No. A92A1931, defendant Brooks appeals his conviction of the offenses of violating the Georgia Controlled Substances Act (possession of cocaine with intent to distribute) and of obstruction of a law enforcement officer. The State appeals from the trial court's ruling concerning the admissibility of certain evidence in Case No. A92A1932. *Held:*

1. Defendant's first enumeration of error questions the sufficiency of the evidence to authorize his conviction of possession of cocaine with intent to distribute. The evidence at trial, stated in the light most favorable to upholding the conviction shows that police were dispatched in response to a telephone report that Lucious Boswell was attempting to sell drugs at a certain location. Boswell was approached by officers and consented to a search of his person. When nothing was found on his person, Boswell was permitted to leave. Nonetheless, Boswell was subsequently prosecuted and pleaded guilty to possession of cocaine with intent to distribute.

While the police had been searching Boswell, defendant was standing nearby and engaged in conduct which the police characterized as "fat-mouthing" or "sticking your mouth in someone else's conversation," and described as defendant saying to Boswell " 'They don't have a warrant. You don't have to do this.' Just constantly like a heckler does a comedian on stage." After Boswell was permitted to leave, the police officers turned their attention to defendant who began to walk away. Police officers requested and then ordered defendant to remain but he continued to walk away. Finally, one of the officers blocked defendant's path and was cursed by the defendant. When defendant attempted to walk over the officer, several additional officers joined in restraining defendant. There were no drugs found on defendant, but he did have $346.38 on his person.

A cousin of one of the officers pointed out cocaine hidden in a cactus bush. The uncontroverted evidence was that Boswell had placed the cocaine there. No evidence was introduced suggesting that defendant had ever been in actual physical possession of the cocaine.

The State's theory was that Boswell and defendant were working together to market the cocaine, with Boswell holding the cocaine and defendant holding the money. Testimony was presented that such a team approach to selling cocaine is common.

The State also presented evidence that defendant was wearing two pairs of pants, that most of the money in his possession was in the pocket of the inside pants while only a few dollars were in the outside pair, and that this practice is not uncommon among people selling drugs on the street. Similar transaction evidence was also admitted which showed defendant's bent of mind towards making street sales of cocaine. The State's evidence also established that defendant stood near the cactus bush containing the cocaine during the time that police were searching Boswell and until he attempted to leave the scene.

"Possession sufficient to sustain a conviction for possession with the intent to distribute can be actual or constructive. *Walton v. State*, 194 Ga. App. 490 (390 SE2d 896) (1990). ' "A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive possession of it. The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons shared actual or constructive possession of a thing, possession is joint." ' *Allen v. State*, 191 Ga. App. 623, 624 (2) (382 SE2d 690) (1989)." *Shropshire v. State*, 201 Ga. App. 421, 422 (411 SE2d 339).

The issue is whether the circumstantial evidence presented at trial was sufficient to establish beyond a reasonable doubt that defendant had at least joint constructive possession of the cocaine found in the bush. "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. The burden to present evidence excluding every other reasonable hypothesis save that of guilt is upon the State. *Cornish v. State*, 187 Ga. App. 140, 142 (369 SE2d 515).

" 'When the circumstantial evidence supports more than one theory, one consistent with guilt and another with innocence, it does not exclude every other reasonable hypothesis except guilt and is not sufficient to prove the defendant's guilt beyond a reasonable doubt.' [Cit.]" *Kreager v. State*, 148 Ga. App. 548 (252 SE2d 1). While the determination of whether the circumstances are sufficient to exclude every reasonable hypothesis except that of defendant's guilt is usually made by the jury and while we must review the evidence in the light most favorable to the jury verdict, we must not be blinded by that

verdict when a reasonable hypothesis of innocence appears from the evidence or lack thereof, and may declare such as a matter of law. *Solomon v. State*, 195 Ga. App. 684 (1), 688 (394 SE2d 570); *Atchison v. State*, 181 Ga. App. 351, 352 (352 SE2d 201); *Muckle v. State*, 165 Ga. App. 873 (1), 875 (303 SE2d 54); *Smith v. State*, 56 Ga. App. 384, 387 (192 SE 647).

In the case sub judice, the evidence fails to exclude several reasonable alternative hypotheses consistent with defendant's innocence of the charge of possession of cocaine with intent to distribute. The State's evidence while showing defendant's predisposition towards selling cocaine and even that he was dressed in a fashion common to street vendors of illicit substances, nonetheless failed to establish anything more than speculation as to a possible conspiracy with Boswell. While Boswell and' defendant knew each other, had been seen together in the past, and both may have been drug dealers, the supposition that the two were acting in concert to sell cocaine is little more than speculation. The evidence is equally consistent with the hypothesis that any such activities by defendant were entirely independent of those of Boswell. Thus, the State failed to prove that defendant was in joint constructive possession of the cocaine which Boswell hid in or near the cactus bush. It follows that the jury was not authorized by the evidence to return a verdict finding defendant guilty of possession of cocaine with intent to distribute. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Ridgeway v. State*, 187 Ga. App. 381 (370 SE2d 216); *Cornish v. State*, 187 Ga. App. 140, supra.

2. Defendant also questions the sufficiency of the evidence to authorize his conviction of the offense of obstruction of a law enforcement officer. The indictment alleges that defendant obstructed Officer Pusateri by resisting arrest. Officer Pusateri testified that Sergeant Jones asked him to stop defendant. Defendant turned and walked away, and continued walking after the first time Officer Pusateri asked him to stop, pausing only to curse at the officer. Officer Pusateri ran around defendant so as to place himself in defendant's path and raised his arm and asked defendant to stop. Defendant continued walking into Officer Pusateri and tried to push through him. Defendant was then overpowered by several police officers.

Since it is clear that Officer Pusateri's actions in stopping defendant were predicated entirely on the instructions from his superior, we must look to the knowledge of Sergeant Jones at the time he issued those instructions to determine whether the police had authority to seize defendant. We also note that a seizure undoubtedly occurred when Officer Pusateri placed himself in defendant's path and instructed him to stop since by this point it is clear that defendant was not free to disregard the police and walk away. Compare *State v. Akinsonwon*, 200 Ga. App. 287, 288 (407 SE2d 434).

On cross-examination, Sergeant Jones was questioned concerning his reasons for ordering his men to stop defendant. The following colloquy occurred: "Q. Now, when you instructed your police officers to stop the defendant, what articulable suspicion did you have that he'd committed a crime? A. I didn't think he had committed a crime. The reason I had those thoughts of [defendant] were for a couple of reasons. One was the nature of the call. And, the second was my prior knowledge of [defendant's] past history. . . . Q. Did you say that the only reason you stopped the defendant was because you knew this man? A. That, and the nature of the call. Q. Did the call, as you were informed, did it ever mention the defendant's name? A. No, sir. I don't remember it. Q. Sir? A. No. Q. Had you driven up out there without this call, would you have arrested this man? A. No, sir. Q. When you told the officers to stop the defendant, was he under arrest? A. No, sir. . . . Q. What reason did you have to arrest him that night when you told him to stop? A. He was not under arrest. No. I just wanted to talk to him. Q. Did he have an obligation in your understanding of the Law, to stop and talk to you? A. What do you mean obligation — was he obligated to come back and talk to me? Q. Yes. A. I expected him to. . . . Q. In your understanding of police work, did he have a legal obligation to come back and talk to you? A. I'm not sure if he had a legal obligation, but I expected him to as a citizen in the City of Madison conduct himself as a law-abiding citizen, to come back."

The charge of obstructing a law enforcement officer was predicated upon defendant's resistance to being seized by Officer Pusateri. Any attempted arrest was clearly unauthorized since at the moment police decided to seize defendant, the facts and circumstances within the knowledge of the officers and of which they had reasonably trustworthy information were not sufficient to warrant a prudent man to believe that defendant had committed an offense. *Whitener v. State*, 201 Ga. App. 309, 310 (1) (410 SE2d 796). *"Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968), recognizes that although a police officer may not have probable cause to arrest someone, if there is a reasonable suspicion of criminal wrongdoing, based upon specific and articulable facts from which it can be determined that the action of the police officer is not arbitrary or harassing, the police officer may make a brief, investigatory detention of the individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information. *Smith v. State*, 165 Ga. App. 333 (1) (299 SE2d 891) (1983); *Reese v. State*, 145 Ga. App. 453 (1) (243 SE2d 650) (1978). 'It is clear that in cases where there are some reasonable articulable grounds for suspicion, the state's interest in the maintenance of community peace and security outweigh the momentary inconvenience and indignity of investigatory detention.' *Brisbane*

*v. State*, 233 Ga. 339, 343 (211 SE2d 294) (1974)." *Lee v. State*, 201 Ga. App. 827, 828 (2), 829 (412 SE2d 563).

The testimony of Sergeant Jones admits that police had no articulable grounds to suspect that defendant had committed any offense. There is no evidence that Sergeant Jones had any knowledge which, under the objective standard announced in *State v. Sparks*, 205 Ga. App. 438 (422 SE2d 293), would authorize a police officer to seize defendant. As the police lacked probable cause or articulable suspicion such as would have authorized the seizure, defendant was entitled to resist the unlawful arrest. *Mullis v. State*, 196 Ga. 569, 579 (7) (27 SE2d 91); *Walker v. State*, 46 Ga. App. 824, 827 (169 SE 315). This, the defendant did by attempting to "push through" Officer Pusateri so as to effect his escape. Since an essential element of the offense of obstruction of an officer is that the officer be engaged in the lawful discharge of his official duties (*Dixon v. State*, 154 Ga. App. 828 (1) (269 SE2d 909)) and Officer Pusateri by attempting the illegal seizure was not so occupied, the conviction of defendant for the offense of obstruction of a law enforcement officer was not authorized by the evidence. *Jackson v. Virginia*, 443 U. S. 307, supra.

3. In Case No. A92A1932, the State's notice of appeal purports to initiate a cross-appeal. However, our statutes do not provide for cross-appeals in criminal cases and any attempted cross-appeal must comply with the requirements of a direct appeal or be dismissed. *State v. Crapse*, 173 Ga. App. 100, 103 (325 SE2d 620) (overruled on other grounds, *Hubbard v. State*, 176 Ga. App. 622 (1), 623 (337 SE2d 60)); *State v. Cook*, 172 Ga. App. 433, 435 (1), 436 (323 SE2d 634). Since the State's notice of appeal was filed within the time permitted for direct appeal, we also note that the sole issue raised by the State, an evidentiary question which arose at trial, is not among those enumerated in OCGA § 5-7-1. Therefore, even when this case is viewed as a direct appeal, we lack jurisdiction to consider the issue argued by the State. *State v. McKenna*, 199 Ga. App. 206, 207 (404 SE2d 278).

*Judgment reversed in Case No. A92A1931 and appeal dismissed in Case No. A92A1932. Sognier, C. J., and Cooper, J., concur.*

DECIDED NOVEMBER 25, 1992.

*George, Trammell & Bartles, William P. Bartles*, for appellant.
*Joseph H. Briley, District Attorney, Gary C. McCorvey, Assistant District Attorney*, for appellee.