A96A1415. McGAUGHEY v. THE STATE.
(474 SE2d 676)

BIRDSONG, Presiding Judge.

Amy Suzette McGaughey appeals her conviction of possessing cocaine in violation of the Georgia Controlled Substances Act. She enumerates one error. *Held*:

Appellant contends that the trial court erred in denying her motion to suppress evidence of cocaine. We disagree and affirm the trial court's decision.

Officer Davis and Officer Gallo were working undercover in the area of Knights Inn and Tucker Inn on Lawrenceville Highway, a well-known drug area. Officer Davis received a tip that possibly drugs were being sold at the Knights Inn, rooms 214 and 215. Around 11:00 p.m., the officers observed a 1977 Plymouth Salon occupied by a black male, a white male and appellant, parked in front of room 215. The occupants sat in the car for approximately

ten minutes, then walked toward the front of Knights Inn. Appellant and the white male disappeared from sight while they circled around the building and then reappeared from the rear of Knights Inn. The couple behaved suspiciously and in an unusual manner, as appellant's companion would occasionally stop walking and then suddenly rejoin appellant. Appellant and the white male then walked around the Tucker Inn, before returning to the Knights Inn. After stopping momentarily by a pay phone, the two proceeded to walk toward the cemetery. At this point, uniform units were called. The police officers approached appellant but did not arrest her. Officer Davis explained to appellant that she and her companion were in a drug area and asked why they were there. Before Officer Davis requested permission to search, appellant, "jovial and laughing," held up her purse and arms and said, "Search me." The search revealed crack cocaine in appellant's purse.

Appellant argues that this evidence should be suppressed because any consent to search her purse was incurably tainted as she was unlawfully detained without the required "reasonable, articulable suspicion" that criminal activity may be afoot. *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889). This contention is without merit. Appellant was not placed under arrest when she was stopped by Sergeant Florea and Officer Davis. A seizure does not occur simply because a police officer approaches an individual and asks a few questions. *State v. Westmoreland*, 204 Ga. App. 312, 313 (418 SE2d 822). Even when officers have no basis for suspecting a particular individual, they may generally ask questions of that individual as long as the police do not convey a message that compliance with their request is required; and so long as a reasonable person would feel free to disregard the police and go about his business, the encounter is consensual and no reasonable suspicion is required. Id. Here, appellant has produced no evidence which suggests she was restrained by the police officers or coerced into consenting to a search. The officers never promised any benefit to appellant or produced a weapon. *State v. Davis*, 206 Ga. App. 238 (424 SE2d 878). In fact, the record reveals that appellant was jovial during her encounter with the police officers. In sum, the testimony indicates the officers merely inquired about appellant's movements, noting that she was in a drug area.

Even if appellant was under arrest at the time of her initial questioning, there existed sufficient specific and articulable facts which, when taken together with their reasonable inferences, justified a reasonable scope of inquiry. *State v. McFarland*, 201 Ga. App. 495, 496 (411 SE2d 314). " 'The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow . . .

a criminal to escape.'" *State v. Webb*, 193 Ga. App. 2, 4 (386 SE2d 891), citing *Adams v. Williams*, 407 U. S. 143, 145 (92 SC 1921, 32 LE2d 612). "What is demanded of the police officer as the agent of the state, is a founded suspicion, some necessary basis from which the court can determine that the detention was not arbitrary or harassing." *Brisbane v. State*, 233 Ga. 339, 341 (211 SE2d 294). Where no circumstances at all appear which might give rise to an articulable suspicion — less than probable cause, but greater than mere caprice — that the law has been violated, the act of detaining an individual and its occupants must be judged as an impermissible intrusion on the rights of the citizen. *Brooks v. State*, 129 Ga. App. 109, 111-112 (198 SE2d 892). Here, the stop was neither arbitrary nor harassing as appellant was in a known drug area at 11:00 p.m., had a suspiciously unusual pattern of movement and parked in front of the hotel rooms which allegedly were being used to sell drugs. These circumstances might give rise to an articulable suspicion that appellant had violated or was about to violate the law; briefly detaining appellant was therefore permissible.

Finally, any suggestion that the search was involuntary or exceeded the scope of consent is unjustified. A valid consent eliminates the need for either probable cause or a search warrant. *Wilson v. State*, 210 Ga. App. 886, 887 (437 SE2d 867). The voluntariness of consent is determined by the totality of the circumstances, with no single factor controlling. *Allen v. State*, 200 Ga. App. 326, 327 (1) (408 SE2d 127). Here, although appellant was not advised of her constitutional rights before she consented to the search, the record reveals that at the time of the incident she was only briefly detained. Appellant was not physically punished nor subjected to prolonged questioning. Rather, appellant immediately and in a jovial manner volunteered her consent to a search. In fact, she held up her arms and purse while saying, "Search me," even before the officers had requested permission to do so. All of these factors indicate that appellant's consent was in fact voluntary.

The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of "objective" reasonableness — what would the typical reasonable person have understood by the exchange between the officer and the suspect? *Springsteen v. State*, 206 Ga. App. 150, 152 (424 SE2d 832). Appellant did not indicate to the officers that they could only search her person or that they could not search inside the medicine bottle which contained the crack cocaine. Appellant simply said, "Search me," while holding her purse forward. A reasonable person could have found that appellant's verbal and physical actions indicated her consent to search the entire contents of her purse.

Accordingly, we hold that appellant was properly stopped by the

police officers and voluntarily consented to a search of the contents of her purse. The trial judge did not err in denying appellant's motion to suppress the evidence found in appellant's purse.

*Judgment affirmed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED AUGUST 13, 1996.

*Timothy T. Herring*, for appellant.
*J. Tom Morgan, District Attorney, Tamar P. Stern, Robert M. Coker, Assistant District Attorneys*, for appellee.