A96A2373. THE STATE v. BUTLER.
(480 SE2d 387)

BIRDSONG, Presiding Judge.

The State appeals the grant of defendant William Clay Butler's motion to suppress evidence of a blood alcohol test.

The trial court found that on November 5, 1995, the manager of an Arby's restaurant in Athens, Georgia saw Butler in the restaurant talking to an employee. The manager observed Butler's bloodshot eyes and slurred speech and detected the odor of an alcoholic beverage about his person. When Butler left the restaurant, the manager saw him go to a black or dark blue Porsche convertible with the top down; the car was parked improperly in two handicapped parking spaces. The manager instructed an employee to get the Porsche's tag number if Butler drove away. When Butler drove the car onto Broad Street and headed west, the manager called the 911 emergency num-

ber, identified himself and his place of work, reported that a white male under the influence of alcohol had just left the restaurant, gave the car's tag number and described it as a black or dark blue Porsche with its convertible top down. He further informed that there was a passenger in the car, and gave the direction of the Porsche's travel as west on Atlanta Highway (Broad Street).

Officer McCain, who was parked on Atlanta Highway, heard the "be on the lookout" dispatch regarding a black Porsche heading west on Atlanta Highway. The officer was unable to recall whether any other description or information about the vehicle was given by the dispatcher. Within a few minutes of the dispatch the officer observed a black or dark blue Porsche headed westbound on Atlanta Highway. He used his flashlight to direct the car off the roadway and told its driver, Butler, to remain parked. A few minutes later, Officer Cochran arrived. When he heard over the police radio that McCain had stopped the suspect vehicle, Officer Cochran had been looking for the blue convertible Porsche with a white male driver and passenger heading west on Atlanta Highway which was reported to be operated by an intoxicated driver. When Cochran approached the driver of the blue Porsche, he detected a strong odor of an alcoholic beverage from the car. He saw Butler to be flushed of face and red of eye. When Butler stepped out of his car, he could not stand without leaning on the car and he admitted that he had been drinking alcohol.

The trial court determined that the initial stop of the defendant's vehicle was unlawful. The court concluded that police action is justified only after the details given by an informer have been corroborated by police (*Easterlin v. State*, 216 Ga. App. 112 (452 SE2d 801)), and that the officer who stopped Butler had no reasonable articulable suspicion of criminal activity but stopped Butler's vehicle only on the basis that it was a black or dark blue Porsche heading west on Atlanta Highway. According to the trial court, this information provided no factual basis that Butler had been or was about to be involved in illegal activity, nor did the officer ascertain such further information. The trial court reasoned that based on the information used by this officer, any dark-colored Porsche traveling through the area would thus have been detained unlawfully. *Held*:

Appellee Butler relies principally on *Vansant v. State*, 264 Ga. 319 (443 SE2d 474) as being a factually similar case in which the suppression of the evidence was affirmed. In that case, the policeman who responded to a dispatch about a suspected hit-and-run driver knew only that the suspect vehicle was a white van. He testified that few vehicles were on the road at 1:15 a.m., that he was within a mile of the crime and saw only one white van, but he did not observe any traffic violations or damage to the vehicle prior to the stop. The Supreme Court held that the essence of the "elusive concept" of what

is sufficient cause to authorize police to stop a person is, taking the totality of the circumstances into account, whether the detaining officer has " 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.' " Id. at 320, quoting *United States v. Cortez*, 449 U. S. 411, 417-418 (101 SC 690, 66 LE2d 621). In *Vansant* at 321, the court concluded "the detaining officer did not have the requisite particularized basis for suspecting the driver of this particular white van of criminal activity. He did not have a particularized description of the vehicle; he did not know the direction in which the vehicle had left the scene of the purported hit-and-run; [and] he had not observed criminal activity on the part of the person stopped."

The circumstances in each case control this inquiry. The essential element of "articulable suspicion" is that the circumstances, though showing less than probable cause, must give rise to a suspicion which is "greater than mere caprice." *McGaughey v. State*, 222 Ga. App. 477, 479 (474 SE2d 676). It was significant to the decision in *Vansant* that the car stopped was a "white van," which is a very common vehicle. That fact reduced the level of particularized and objective suspicion that the white van had been engaged in criminal activity. It is equally significant in this case that the car detained was unusual and that in other significant respects — chiefly its direction on a particular highway — it matched the description acted on by the detaining officer. In this case the detaining officer had a distinct, particularized and objective basis for suspecting that an unusual car, a dark blue or black Porsche heading west on Atlanta Highway, was or had been engaged in criminal activity.

We need not speculate whether the description acted on by the detaining officer was the same as the details he remembered at trial, for entirely missing in this officer's stop of this distinctive vehicle heading in the described location on the described highway is the element of "mere caprice" which would have made this governmental intrusion unlawful. The totality of the circumstances include the fact that the dark blue or black Porsche for which this detaining officer had been warned to be on the lookout was an unusual car and was seen heading in the precise direction of which the officer had been advised just moments before. These circumstances gave him a particularized and objective basis for suspecting the driver of this car of the reported criminal activity; the dispatch by its nature indicated that this car was the subject of suspected criminal activity. "The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow . . . a criminal to escape." *Adams v. Williams*, 407 U. S. 143, 145 (92 SC 1921, 32 LE2d 612); *McGaughey*, supra at 478-479.

For the protection of innocent citizens, this decisional process will not admit of too much restraint, as long as it involves more than "mere caprice" and does not violate the individual freedom of citizens from arbitrary and groundless police intrusion. See *McGaughey*, supra at 479.

The trial court's ruling is reversed.

*Judgment reversed. Beasley and Blackburn, JJ., concur.*

DECIDED JANUARY 29, 1997 —

*Kenneth W. Mauldin, Solicitor, Ethelyn N. Simpson, Assistant Solicitor*, for appellant.

*Boyce, Ekonomou & Atkinson, William M. Coolidge III*, for appellee.