## A96A2221. THE STATE v. WRIGHT.
(482 SE2d 441)

ANDREWS, Chief Judge.

The State appeals the trial court's order granting William Frank Wright's "motion to suppress."[1] The central issue on appeal is whether the officer's *Terry* stop was based on an articulable suspicion that Wright was about to engage in some type of criminal conduct. We find that it was and reverse the judgment of the trial court.

At the hearing on the motion in limine, Officer Daniel testified that he was patrolling in an area of heavy drug activity on the day in question and saw Wright several times throughout the day. At times he saw Wright washing cars in the street, and at other times he saw him standing in the street.

Late in the day, Officer Daniel again drove through the area, and as his car crested the hill, he saw Wright leaning over to talk to some men in a car. Daniel testified that Wright appeared to be handing a plastic baggie through the car window.

As Officer Daniel pulled up behind the car, Wright jerked his hand back and put the baggie in his pocket. The car sped off. Officer Daniel called to Wright to come over, intending to pat him down. Wright refused and began walking away. Officer Daniel then commanded him to halt. Wright ran around in back of a house, and Officer Daniel set off in pursuit. Daniel testified that he lost sight of Wright several times during the chase.

Daniel and Wright eventually ended up back at the starting point of the chase, and Officer Daniel told Wright he was under arrest for obstruction. Wright surrendered, stating he would "take" the arrest for misdemeanor and "I don't have any rocks on me now." When Officer Daniel searched Wright, he found a steak knife wrapped in a kitchen towel but did not find any drugs. No drugs were found in the area of the chase, although it appears from the transcript that the chase covered a large area, and as a result, an extensive search was not made.

Wright was charged with misdemeanor obstruction of a law enforcement officer. Wright then filed a motion to suppress the officer's testimony, contending there was no justifiable basis for the *Terry* stop.

---

[1] We find no indication in the record of any physical evidence Wright was seeking to suppress. It appears that Wright only sought to exclude the officer's testimony as to events surrounding the *Terry* stop. Accordingly, the motion should have been styled a motion in limine. *State v. Johnston*, 249 Ga. 413 (291 SE2d 543) (1982). Whether styled a motion to suppress or a motion in limine, the same appellate rules apply to the trial court's findings of fact and determinations on witnesses' credibility. *State v. Leviner*, 213 Ga. App. 99 (443 SE2d 688) (1994). It is also properly here as the subject of a direct appeal under OCGA § 5-7-1 (a) (4). See *State v. Berky*, 222 Ga. App. 151 (473 SE2d 590) (1996).

After a hearing, the trial court granted Wright's motion to suppress. The trial court's order granting the motion makes no findings of fact, simply stating that it "finds that the Motion to Suppress is proper."

"*Terry v. Ohio*, 392 U. S. 1[, 21] (88 SC 1868, 20 LE2d 889) (1968), recognizes that although a police officer may not have probable cause to arrest someone, if there is a reasonable suspicion of criminal wrongdoing, based upon specific and articulable facts from which it can be determined that the action of the police officer is not arbitrary or harassing, the police officer may make a brief, investigatory detention of the individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information." (Citations and punctuation omitted.) *Brooks v. State*, 206 Ga. App. 485, 488 (425 SE2d 911) (1992). "An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." (Citations omitted.) *United States v. Cortez*, 449 U. S. 411, 417 (101 SC 690, 66 LE2d 621) (1981).

When reviewing a trial court's order on a motion to suppress, the appellate court should be guided by three principles with regard to the trial court's determination on the facts. *Tate v. State*, 264 Ga. 53, 54 (440 SE2d 646) (1994). First, the trial judge sits as the trier of facts, and his findings are analogous to a jury verdict and should not be disturbed if there is any evidence to support the findings. Id. Second, the trial court's decisions on the credibility of witnesses and questions of fact must be accepted unless clearly erroneous. Id. Third, the appellate court must construe the evidence most favorably to the upholding of the trial court's findings and judgments. Id.

Here, the trial court granted the motion to suppress the officer's testimony but made no findings of fact and gave no explanation for the holding. A review of the transcript, however, shows the court was concerned about the absence of any physical evidence of drugs. After the officer testified, the court made the following statement: "I can understand this officer working there and I commend him for what he did and he did the right thing. Regardless of how I rule in this case, I think he acted properly himself in saying 'I'm going to investigate this thing.' Because I realize that this is a high crime area and I realize he thought that he saw or he had reason to believe that he believes he saw a baggie and saw this Defendant with it. But the facts and the evidence don't bear out that there was in fact ever a baggie."

However, the issue is not whether Wright was actually handing a plastic baggie through the window but whether the officer honestly believed Wright was in possession of the baggie. "The question to be decided is whether the officer's motives and actions at the time and under all the circumstances, including the nature of the officer's mis-

take, if any, were reasonable and not arbitrary or harassing." (Citations and punctuation omitted.) *State v. Webb*, 193 Ga. App. 2, 3-4 (386 SE2d 891) (1989). "[A] mistaken-but-honest belief may nevertheless demonstrate the existence of 'at least an articulable suspicion and reasonable grounds for the stop.'" Id. at 4 (1). In *Webb*, the officer stopped the defendant after observing him make a U-turn before reaching a road block. In overruling the trial court's determination that, since the U-turn was not illegal, the evidence seized from the car must be suppressed, this Court stated that the issue was not whether or not the U-turn was illegal, but whether the officer, acting in good faith, believed that an unlawful act had been committed. Id. at 3.

The question then becomes, assuming the officer believed he saw Wright handing a baggie through the window of the car, was this an objective manifestation of criminal activity sufficient to justify a *Terry* stop. We conclude that it was.

In a similar case, *McGaughey v. State*, 222 Ga. App. 477 (474 SE2d 676) (1996), undercover officers were patrolling in a known drug area when they noticed a woman and two men sitting in a car in front of a motel room. After about ten minutes, the occupants got out of the car, and one of the men walked toward the front of the motel while the other two walked around in back. The man and woman then reappeared, with the man stopping every so often and then suddenly walking up to rejoin the woman. They stopped at a pay phone and then began walking toward a cemetery. At that point the police moved in to question them. Id. Although there was no visible evidence of drugs, this Court found there were sufficient specific and articulable facts to justify a *Terry* stop.

Similarly, in this case, we find that, under the totality of the circumstances, the officer had the necessary basis to form a founded suspicion that Wright was, or was about to be, engaged in some criminal activity such that the trial court should have determined that the detention was not arbitrary or harassing. *McGaughey*, supra; *Webb*, supra. Accordingly the trial court erred in granting Wright's motion to suppress the officer's testimony.

*Judgment reversed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 20, 1997.

*Gerald N. Blaney, Jr., Solicitor, William Z. Meadows, Richard E. Thomas, Assistant Solicitors*, for appellant.
*Douglas N. Fox*, for appellee.