A97A1776. BUFFINGTON v. THE STATE.
(494 SE2d 272)

Judge Harold R. Banke.

Herbert Buffington was convicted of possession of cocaine. In his sole enumeration of error, he argues that the trial court erred in denying his motion to suppress.

This case arose after Buffington pulled into an apartment complex and waved at two police officers who were patrolling the area in response to complaints about drug-related activity. They watched Buffington enter a building where an undercover drug buy previously had taken place and leave shortly thereafter. As Buffington drove away, they followed him, using a parallel exit.

As Buffington drove down the one-way access road, he eased into a left turn lane without signaling. When the officers stopped him for failure to signal, Buffington "was nervous and just fidgety." After initiating a pat-down search "for safety," one of the officers felt a cylin-

drical object in Buffington's pocket and immediately knew it was a crack pipe, based on his five years on the force and his experience of handling over 100 such pipes. After examining it, the officer determined that it had been used and arrested Buffington for possession of drug paraphernalia and loitering for drugs. At that point, the officer conducted a search incident to arrest which revealed three chunks of crack cocaine weighing a total of 1.5 grams in Buffington's pocket.

Prior to trial, Buffington moved to suppress the cocaine, arguing that the officers lacked probable cause to detain and search him. After a hearing, the trial court denied the motion. At the bench trial, Buffington stipulated to the above-stated facts presented at the suppression hearing and the court adjudicated him guilty. *Held*:

The trial court did not err in denying the motion to suppress. The temporary detention of a motorist based upon probable cause that he violated a traffic law does not implicate the Fourth Amendment's prohibition against unreasonable searches and seizures, even if a reasonable officer would not have made the stop absent an ulterior motive. *Whren v. United States*, 517 U. S. __ (116 SC 1769, 135 LE2d 89, 101) (1996). In other words, if the arresting officer witnessed the driver breaking even a relatively minor traffic law, a motion to suppress under the Fourth Amendment arguing that the stop was pretextual must fail. See *Jackson v. State*, 267 Ga. 130, 131 (5) (a) (475 SE2d 637) (1996).

Here, the arresting officer observed that Buffington failed to signal when he pulled into the left turn lane. The trial court was entitled to believe the officer's testimony that Buffington executed this maneuver in front of another vehicle, notwithstanding this information's absence from the police report. *Anderson v. State*, 267 Ga. 116, 118-119 (2) (475 SE2d 629) (1996). The failure to signal under these circumstances violated OCGA § 40-6-123 (b).[1] Compare *Clark v. State*, 208 Ga. App. 896, 897 (1) (432 SE2d 220) (1993) (finding no violation of OCGA § 40-6-123 where no cars were behind a vehicle which failed to signal while continuing straight onto an exit ramp and the interstate curved). Thus, the stop did not violate the Fourth Amendment. See *State v. Wright*, 221 Ga. App. 202, 203-204 (3) (470 SE2d 916) (1996).

Once Buffington was stopped for failing to signal, the officer was entitled to execute a pat-down search for weapons. *Mashburn v. State*, 186 Ga. App. 488, 489 (367 SE2d 881) (1988); see *Pennsylvania*

---

[1] OCGA § 40-6-123 (b) states: "A signal of intention to turn right or left or change lanes when required shall be given continuously for a time sufficient to alert the driver of a vehicle proceeding from the rear in the same direction or a driver of a vehicle approaching from the opposite direction."

*v. Mimms*, 434 U. S. 106, 109-110 (98 SC 330, 54 LE2d 331) (1977). When the officer felt the crack pipe in Buffington's pocket and immediately recognized it as a drug-related object (OCGA § 16-13-32.2 (a)), a warrantless seizure was permissible. *Minnesota v. Dickerson*, 508 U. S. 366, 375-376 (113 SC 2130, 124 LE2d 334) (1993); *Andrews v. State*, 221 Ga. App. 492, 493 (471 SE2d 567) (1996) (physical precedent only).

The discovery of this device provided the officer with probable cause to arrest Buffington for possession of cocaine (OCGA § 16-13-30 (a)) or possession of drug-related objects (OCGA § 16-13-32.2 (a)). See *Knox v. State*, 216 Ga. App. 90, 92 (3) (453 SE2d 120) (1995) (pipe encrusted with residue sufficient to support possession charge); *State v. Sparks*, 205 Ga. App. 438, 439 (422 SE2d 293) (1992). The officer also had probable cause to arrest Buffington for violating the county ordinance on loitering, which prohibited loitering while in possession of any instrument whose customary purpose is for using controlled substances. See OCGA § 15-10-63 (d) (permitting arrests prior to the time of trial for violation of county ordinances relating to loitering). The officers were then entitled to examine the remaining contents of Buffington's pockets pursuant to the search incident to arrest doctrine. *State v. Tinsley*, 194 Ga. App. 350, 351 (1) (390 SE2d 289) (1990). Having viewed the evidence in the light most favorable to the trial court's findings, as we must, we find the denial of the motion to suppress was not clearly erroneous. *Sutton v. State*, 223 Ga. App. 721, 722 (1) (478 SE2d 910) (1996).

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 18, 1997.

*Peters, Roberts, Borsuk & Taylor, R. Stephen Roberts*, for appellant.

*J. Tom Morgan, District Attorney, Benjamin M. First, Robert M. Coker, Assistant District Attorneys*, for appellee.