## A98A2126. GONZALEZ v. THE STATE.
(509 SE2d 144)

JOHNSON, Presiding Judge.

After a bench trial, Lauro Gonzalez was found guilty of possession of cocaine. He appeals from the denial of his motion to suppress.

In reviewing the trial court's ruling on a motion to suppress, this Court's responsibility is to ensure that there was a substantial basis for the decision; the evidence is construed most favorably to uphold the findings and judgment of the trial court. *Bolt v. State*, 230 Ga. App. 760, 761 (1) (497 SE2d 371) (1998).

The only witness to testify at the hearing on the motion to suppress was the arresting officer. He testified that on November 26, 1997, at 8:30 p.m., he was patrolling an area known for drug activity when he saw Gonzalez and another man standing in front of a closed business. Although the men stood next to a pay phone, he did not see either man use the telephone. A car pulled into the parking lot and either Gonzalez or the other man approached it, stayed for a moment and returned to the pay phone. Based on their conduct and his knowledge of the area, the 17-year veteran officer radioed for an officer in a marked car "to come over and make contact with" the men. When a marked patrol car arrived, the men began walking away. The officer in the unmarked car moved his car so as to "[head] them off," and the marked car stopped behind the men.

The plainclothes officer told them to step to the rear of his car, which they did. The officer testified that he wanted to know who the

men were and why they were standing in front of a closed business. As the uniformed officer questioned Gonzalez' companion, the plain-clothes officer asked Gonzalez for his name. Gonzalez mumbled a reply "as if he had something in his mouth." The officer asked him to open his mouth, which he did. Seeing nothing, the officer asked Gonzalez to raise his tongue. When Gonzalez did so, the officer saw five to ten pieces of what later tested positive for crack cocaine.

Gonzalez challenges the validity of the stop. He does not challenge the authority of the officer to ask him to open his mouth and raise his tongue. Therefore, we do not reach that question. For the reasons which follow, we find no grounds for reversal.

There are "three tiers of police-citizen encounters: (1) communication between police and citizens involving no coercion or detention and therefore without the compass of the Fourth Amendment, (2) brief seizures that must be supported by reasonable suspicion, and (3) full-scale arrests that must be supported by probable cause." (Citations and punctuation omitted.) *Holmes v. State*, 222 Ga. App. 642, 643 (476 SE2d 37) (1996).

The officer's action in blocking Gonzalez' path in an effort to ascertain his identity and purpose for being at the location falls within the second type of encounter. "[I]f there is a reasonable suspicion of criminal wrongdoing, based upon specific and articulable facts from which it can be determined that the action of the police officer is not arbitrary or harassing, the police officer may make a brief, investigatory detention of the individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information." (Citations and punctuation omitted.) *State v. Wright*, 224 Ga. App. 753, 754 (482 SE2d 441) (1997).

In determining whether a stop was justified by reasonable suspicion, we take into account the totality of the circumstances. *Lambright v. State*, 226 Ga. App. 424, 426 (1) (487 SE2d 59) (1997). Our analysis includes consideration of objective observations, patterns of operations of certain kinds of lawbreakers, and information from police reports, because a trained police officer draws inferences and makes deductions from these data. Id.

The veteran officer's undisputed testimony was that Gonzalez was standing in front of a closed business at night in an area known for illegal drug sales; when a car pulled up in front of the business, Gonzalez or his companion approached the car briefly and walked back to the phone; and the men began walking away when the marked patrol car approached. The officer possessed the reasonable articulable suspicion of criminal conduct necessary to justify a brief investigatory detention to obtain more information. We find no error in the trial court's order denying Gonzalez' motion to suppress. See *Thompson v. State*, 230 Ga. App. 131, 132 (495 SE2d 607) (1998);

*Merriweather v. State*, 228 Ga. App. 246, 247 (1) (491 SE2d 467) (1997).

Contrary to Gonzalez' contention, *State v. Banks*, 223 Ga. App. 838 (479 SE2d 168) (1996) (physical precedent only), and *Barnes v. State*, 228 Ga. App. 44 (491 SE2d 116) (1997), do not require a different result. On appeal we construe the evidence most favorably to uphold the judgment of the trial court. *Fritzius v. State*, 225 Ga. App. 642, 646 (484 SE2d 743) (1997). In *Banks*, which is physical precedent only, the officers asked a man standing on a corner near an apartment complex his purpose for being there and then, dissatisfied with his response, proceeded to pat him down. Unlike in the instant case, there was no evidence that Banks was in a known drug area, that he was standing near a phone in front of a closed business, that he or a companion approached a car that pulled into the area, or that both men left as soon as a marked car arrived. Here there were more facts justifying a brief stop.

Similarly, the officer in *Barnes* had less information justifying a stop than the officer in this case. There, the officer testified that Barnes was standing on the corner in an area known for drug activity and started walking away upon seeing police. Barnes was holding a rag and "acting suspicious." Police questioned him and tussled with him in order to recover the object from his hand. At the risk of being redundant, the officer in the case before us had information that the defendant, in addition to being in a known drug area and leaving when the police arrived, stood by a phone in front of a closed business at night, then briefly approached or stood with a man who briefly approached a car that pulled into the area. Moreover, the officer in this case observed Gonzalez long enough to be able to radio for backup and watch them until assistance arrived. Accordingly, *Barnes* does not require a reversal here.

Although the information possessed by the veteran officer in this case was insufficient to support a full arrest, it was adequate to justify the brief seizure conducted by the officer. The trial court did not err in denying Gonzalez' motion to suppress. See generally *McGaughey v. State*, 222 Ga. App. 477, 479 (474 SE2d 676) (1997).

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED NOVEMBER 12, 1998.

*Devon A. Orland*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Gregory K. Schwarz, Noah H. Pines, Assistant District Attorneys*, for appellee.