A00A2508. IN THE INTEREST OF B. K. M., a child.
A00A2509. IN THE INTEREST OF T. W. C., a child.
(544 SE2d 504)

ANDREWS, Presiding Judge.

In each of the above cases, the State appeals from a juvenile court's order granting a motion to suppress evidence seized after a *Terry* stop of the car in which the two juvenile appellees were riding. *Terry v. Ohio,* 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968). Because the officers had a reasonable, articulable suspicion of criminal wrongdoing, we conclude the stop was justified and reverse.

In ruling on a motion to suppress, the trial court's findings as to disputed facts are reviewed to determine whether the ruling was clearly erroneous. *Vansant v. State,* 264 Ga. 319, 320 (443 SE2d 474) (1994). "[W]here the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." Id.

In this case, the facts are not in dispute, and we review it de novo. Officers had received several reports of youths driving by in a car and shooting darts at people with a blow gun. After taking information from the victims and witnesses, police issued a "be on the

---

lookout" notice (BOLO) for a "small compact teal green vehicle." The BOLO stated that witnesses had identified the driver as a white male with a crew cut and observed a black male passenger blowing the dart gun. The notice also gave the area in which the attacks occurred and stated that all the attacks took place between 3:00 and 8:00 p.m.

The officers investigating these attacks drove around in the general area described in the BOLO and spotted two juveniles driving a teal green Toyota Paseo. The car's driver was a white male with a crew cut, and there was a black male in the passenger seat. The officers stopped the car. The car's driver did not have a valid driver's license, and there were illegal fireworks in plain view on the backseat.

Both juveniles were detained. When officers took B. K. M. home, his stepmother invited them in, and they saw a large cache of fireworks and a blow gun on a chair in the living room. Both T. W. C. and B. K. M. admitted to shooting the darts. They were charged with numerous counts of aggravated assault, battery and simple battery.

T. W. C. and B. K. M. then filed a motion to suppress all evidence, claiming the initial *Terry* stop was unauthorized. The juvenile court granted the motion, and this appeal followed.

In determining whether to grant a motion to suppress, the court must first decide whether the officer had a reasonable, articulable suspicion of criminal wrongdoing so as to justify a brief detention. *Thomason v. State*, 268 Ga. 298, 301 (486 SE2d 861) (1997).

> "*Terry v. Ohio*, [supra], recognizes that although a police officer may not have probable cause to arrest someone, if there is a reasonable suspicion of criminal wrongdoing, based upon specific and articulable facts from which it can be determined that the action of the police officer is not arbitrary or harassing, the police officer may make a brief, investigatory detention of the individual. . . ."

(Citations omitted.) *Brooks v. State*, 206 Ga. App. 485, 488 (425 SE2d 911) (1992).

> The validity of an officer's investigative or protective conduct upon making a "*Terry* stop" is determined in each case by balancing the extent of the intrusion against the immediacy and importance of the interest in crime prevention or law enforcement which is sought to be advanced.

(Citations omitted.) *State v. Golden*, 171 Ga. App. 27, 30 (318 SE2d 693) (1984). "Momentary detention and questioning are permissible if based upon specific and articulable facts which, taken together

with rational inferences from those facts, justify a reasonable course of inquiry not based on mere inclination, caprice, or harassment." *State v. Roberson*, 165 Ga. App. 727, 729 (302 SE2d 591) (1983).

The test is whether, under the totality of the circumstances, the officer has "a particularized and objective basis for suspecting the particular person stopped of criminal activity." *Vansant*, supra at 320, quoting *United States v. Cortez*, 449 U. S. 411, 417-418 (101 SC 690, 695, 66 LE2d 621) (1981).

A stop pursuant to a lookout requires only specific and articulable facts which, together with rational inferences drawn therefrom, reasonably warrant the intrusion. *Bright v. State*, 265 Ga. 265, 279 (455 SE2d 37) (1995). Here, the juvenile court relied on *Vansant v. State*, supra, and *State v. Burns*, 238 Ga. App. 683 (520 SE2d 39) (1999), in granting the motion to suppress. Citing *Burns*, the court stated that because the vehicle was stopped a day after the last incident and several days after the earlier incidents, the stop was not justified because the car was less likely to still be in the general vicinity. We disagree.

This was an ongoing pattern of criminal activity, not a single incident; therefore, it was not unreasonable to assume the car would still be in the area and *Burns* is not on point.

This case is also distinguishable from *Vansant*, supra, in which the officer knew only that the suspect vehicle was a white van. Id. at 319. Here, the officers were looking for a teal green small compact car, driven by a white male with a crew cut with a black male passenger. They also knew the general vicinity to search for the car and had a time frame during which the car was likely to be driving through this area.

This Court has approved the denial of a motion to suppress where there were less particularized descriptions in the lookout notice. In *Hestley v. State*, 216 Ga. App. 573 (455 SE2d 333) (1995), we concluded there was reasonable suspicion where the stop was based on a lookout for a white panel van without many windows and believed to be a Chevrolet. Id. at 574. The Supreme Court of Georgia cited *Hestley* in *Thomason v. State*, 268 Ga. 298 (486 SE2d 861) (1997), when it held that a stop was reasonable when based on the description of the car as a brown 1978 or 1979 Oldsmobile Cutlass with a lighter brown top driven by a white male. Id. at 299.

In addition, as noted above, the court must also balance the extent of the intrusion against the importance of the interest in crime prevention which is at stake. *Golden*, supra at 30. "For the protection of innocent citizens, this decisional process will not admit of too much restraint, as long as it involves more than 'mere caprice' and does not violate the individual freedom of citizens from arbitrary and groundless police intrusion." *State v. Butler*, 224 Ga. App. 397,

400 (480 SE2d 387) (1997).

Accordingly, under the totality of the circumstances, we conclude that there was reasonable, articulable suspicion of wrongdoing so as to justify the brief stop. There is no evidence that the officers were acting on mere inclination or caprice or for the purpose of harassment, and the description of the car and its occupants was particularized enough so as to make the stop constitutionally permissible. See *Philpott v. State*, 194 Ga. App. 452, 453 (390 SE2d 664) (1990) (sufficient reasonable suspicion to stop car matching description in broadcast lookout); *Givens v. State*, 218 Ga. App. 415 (461 SE2d 579) (1995) (description of vehicle as white low-rider truck sufficient); *Butler*, supra at 398 (description of vehicle as a dark blue or black Porsche sufficient).

*Judgments reversed. Ruffin and Ellington, JJ., concur.*

DECIDED JANUARY 18, 2001.

*Lydia J. Sartain, District Attorney, Kimberly A. Homer, Assistant District Attorney,* for appellant.

*Fox, Chandler, Homans, Hix & McKennon, David A. Fox,* for appellees.

