## S08G0511. STAFFORD v. THE STATE.

(671 SE2d 484)

MELTON, Justice.

After being detained for parking in the middle of a residential street, Jeffery Stafford was arrested for a violation of the Georgia Controlled Substances Act after crack cocaine was discovered in his vehicle. Prior to trial, Stafford filed a motion to suppress the cocaine, arguing that the stop was invalid because no crime had been committed pursuant to OCGA § 40-6-202.[1] The trial court granted Stafford's motion to suppress, but, in State v. Stafford, 288 Ga. App. 309 (653 SE2d 750) (2007), the Court of Appeals reversed, finding that the stop was proper because "the officer reasonably believed that parking in the middle of a residential street was a crime, and particularized and objective facts gave rise to a reasonable suspicion that the crime had been committed." Id. at 313 (1). We granted certiorari to determine the propriety of this ruling.

The record reveals that, around 1:30 a.m. on the morning of January 9, 2006, Officer O. S. Bruton pulled up behind Stafford's car parked in the middle of the street in a high crime area.[2] Several

---

[1] This statute provides:
Outside of a business or residential district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the roadway when it is practicable to stop, park, or so leave such vehicle off the roadway; but in every event, an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles, and a clear view of the stopped vehicle shall be available from a distance of 200 feet in each direction upon the highway.

[2] In fact, the car was parked in front of a residence where Officer Bruton had previously

people standing on both sides of Stafford's car fled when Officer Bruton pulled up behind Stafford, and Stafford attempted to drive away without turning on his headlights.[3] Officer Bruton then activated his blue lights and stopped Stafford. Officer Bruton repeatedly testified that he stopped Stafford for the crime of parking in the middle of the street, although Officer Bruton could not remember the section of the Georgia Code which criminalized this activity. During the ensuing stop, Officer Bruton discovered crack cocaine in Stafford's car along with drug paraphernalia.[4]

At the motion to suppress hearing and before the Court of Appeals, Stafford argued that parking in the middle of the street in a residential neighborhood is not a crime, and, as a result, Officer Bruton had no basis for detaining Stafford. Below, both the State and Stafford focused on OCGA § 40-6-202, with Stafford arguing that its provisions applied only to rural roads and not to city and residential streets. Stafford continues this argument on appeal. Whether this argument is sound or misplaced, however, is not dispositive of Stafford's motion to suppress.

The stop in this case was a *Terry* stop. See *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968). A *Terry* stop requires that the detaining officer have only "reasonable, articulable suspicion" that a crime may have been committed. See id. at 21 (III). Articulable suspicion is "less than probable cause, but greater than mere caprice." *McGaughey v. State*, 222 Ga. App. 477, 479 (474 SE2d 676) (1996). In this case, Officer Bruton had a reasonable articulable suspicion that a crime had been committed, and this suspicion is supported by OCGA § 40-6-200 (a).[5] This statute makes it improper

---

[3] Stafford's co-defendant, Jeffery Doyle, was a passenger in the car.

[4] The following occurred after the stop was made:

As he was exiting his patrol car, [Officer Bruton] saw Stafford fumbling with something under the seat of the car. [Officer Bruton] became concerned about the presence of a weapon. [Officer Bruton] asked Stafford to step out of the car, patted him down to see if he was armed, and, after finding no weapons, advised Stafford that he was not under arrest but that Stafford should sit in the patrol car until [Officer Bruton] finished his investigation. Stafford got in the back seat of the patrol car, but tried to push the door open as [Officer Bruton] was closing it. [Officer Bruton] used pepper spray to subdue Stafford, who jumped back in the patrol car. At this point, [Officer Bruton] considered Stafford to be under arrest for obstruction of an officer.

[Officer Bruton] returned to the car and asked the passenger, Doyle, to get out. While opening the door, [Officer Bruton] saw a "crack pipe" in the car. The officer arrested Doyle for violation of the Georgia Controlled Substances Act, and then searched the car. The officer found three white, chunky substances on the driver's side floorboard. A field test showed the material was cocaine.

*State v. Stafford*, supra, 288 Ga. App. at 310-311.

[5] Although neither the State nor Stafford argued the application of OCGA § 40-6-200, we

to park in the middle of a two-way roadway. It provides: "[E]very vehicle stopped or parked upon a two-way roadway shall be stopped or parked with the right-hand wheels parallel to and within 12 inches of the right-hand curb or as close as practicable to the right edge of the right-hand shoulder." This statute provides a sound basis for Officer Bruton's decision to stop Stafford for parking in the middle of the road. As a result, Officer Bruton's stop of Stafford was proper, and the Court of Appeals did not err in its decision.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 17, 2008 —
RECONSIDERATION DENIED JANUARY 12, 2009.

*Gerard B. Kleinrock*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.

---

may nonetheless consider the statute, as it is incumbent on this Court to determine whether the trial court made an erroneous conclusion of law in its holding. See, e.g., *Espinoza v. State*, 265 Ga. 171, 172 (1) (454 SE2d 765) (1995) ("On appeal, we accept the trial court's findings of fact unless clearly erroneous, but owe no deference to the trial court's conclusions of law. Instead, we are free to apply anew the legal principles to the facts. See *Vansant v. State*, 264 Ga. 319, 320 (443 SE2d 474) (1994).").