72710. THE STATE v. NOBLE.
(347 SE2d 722)

BANKE, Chief Judge.
This is an appeal by the state from the grant of a motion to suppress evidence in a prosecution for driving under the influence of alcohol and unlawful possession of less than one ounce of marijuana.

The salient facts are not in dispute. The arresting officer was directing traffic at the scene of a grass fire when an unidentified motorist pulled to a stop beside him and announced, "Officer, you need to check the man behind me. I believe he is drunk." Acting on this information, the officer instructed the defendant, who was the driver of the vehicle immediately following the first driver, to pull over to the side of the road. Upon approaching the defendant, the officer noticed a "strong odor of alcoholic-type beverage" about him and consequently asked him to get out of his vehicle. Observing as the defendant complied with this request that he "appeared to be intoxicated and very unsteady on his feet," the officer then placed him under arrest for driving under the influence of alcohol. A subsequent pat-down search of the defendant's person resulted in the discovery and seizure of a clear plastic bag containing suspected marijuana. The officer acknowledged that he had at no time observed the defendant speeding nor otherwise operating his vehicle in violation of the law. *Held*:

"It is well established that the police may 'seize' an individual for a brief period of time without probable cause to make an arrest, provided there exists a reasonable and articulable suspicion that the person is involved in criminal activity. See *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968)." *State v. Golden*, 171 Ga. App. 27, 30 (318 SE2d 693) (1984).

The report by the "concerned citizen" driver in this case that she believed the defendant was drunk must certainly be considered a reasonable and articulable basis for a suspicion by the officer that the defendant might be driving under the influence of alcohol. It follows that the officer was authorized to detain the defendant briefly for the limited purpose of determining whether he in fact exhibited perceptible manifestations of intoxication. Accord *State v. Thomason*, 153 Ga. App. 345 (1) (265 SE2d 312) (1980); *Griggs v. State*, 167 Ga. App. 581 (307 SE2d 75) (1983); *State v. Brown*, 178 Ga. App. 307 (342 SE2d

779) (1986).

The defendant's contention that the officer was not entitled to act on the basis of the unidentified driver's report without first questioning her to determine if there was a substantial basis for it is without merit. The issue facing the officer was not whether the opinion expressed by the unidentified driver afforded probable cause for an arrest, nor whether an adequate foundation existed to permit the opinion to be offered as evidence in a court of law, but merely whether it provided a reasonable and articulable basis for a suspicion that the defendant might be driving under the influence of alcohol. Under the circumstances, the officer would have been remiss in his duties had he simply allowed the defendant to proceed on his way without taking any action whatever to verify the first driver's report.

Once a "Terry stop" has been made, the legality of its scope "is determined in each case by balancing the extent of the intrusion against the immediacy and importance of the interest in crime prevention or law enforcement which is sought to be advanced. (Cits.)" *State v. Golden,* supra, 171 Ga. App. at 30. Balancing the immediacy and importance of the interest in law enforcement sought to be advanced in this case by requiring the defendant to stop and exit his vehicle against the extent of the intrusion into his privacy occasioned thereby, we have no hesitancy in holding that the detention resulted in no violation of his Fourth Amendment rights. It follows that the subsequent arrest and search of the defendant were lawful and that his motion to suppress should not have been granted.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JULY 15, 1986.

*John C. Carbo III, Solicitor, Anne M. Landrum, Assistant Solicitor,* for appellant.

*Larry A. Foster,* for appellee.