### 75955. VANLOO v. THE STATE.
(370 SE2d 44)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of the offense of driving under the influence of alcohol. Defendant's sole enumeration of error raises the denial of his motion in limine and motion to suppress, which sought to exclude from evidence the results of an intoximeter test. *Held:*

The State's evidence shows that the arresting officer was on routine patrol when he was flagged down by a security guard at a motel.

The security guard informed the officer that two very intoxicated white male subjects had just left in a gray or blue Renault. The officer proceeded in the direction indicated by the security guard and found (in about three-quarters of a mile and in a minute and a half) a Renault with two males in it. The officer stopped the Renault and exited his patrol vehicle. The officer asked the driver of the Renault to exit his vehicle and asked him for his driver's license. The driver of the Renault was defendant VanLoo. When defendant exited the Renault his eyes were watery and bloodshot, the officer could smell the odor of alcoholic beverage on his breath. The officer asked defendant to submit to sobriety tests and defendant stated he would be willing to do so. (A minute to a minute and a half elapsed between the time of the stop and the time the field sobriety test began.) After failing the field sobriety test defendant was placed under arrest for driving under the influence of alcohol. The officer testified that in his opinion defendant was under the influence of alcohol on the date in question. An intoximeter test of defendant's breath gave a result of .23 grams percent.

Defendant concedes that the report by the security guard provided a reasonable and articulable basis for a *Terry v. Ohio* (392 U. S. 1 (88 SC 1868, 20 LE2d 889)) stop of defendant's automobile. See *State v. Noble*, 179 Ga. App. 785 (347 SE2d 722). However, defendant contends that the *Terry v. Ohio* stop became an arrest when the officer ordered defendant to get out of his vehicle and subsequently interrogated him. Defendant argues that this conduct overreached the minimal intrusion authorized by *Terry v. Ohio*, supra, and that all subsequent questioning, observations and testing provided evidence which was illegally obtained and therefore inadmissible.

"Once a 'Terry stop' has been made, the legality of its scope 'is determined in each case by balancing the extent of the intrusion against the immediacy and importance of the interest in crime prevention or law enforcement which is sought to be advanced. (Cits.)' *State v. Golden*, [171 Ga. App. 27, 30 (318 SE2d 693)]. Balancing the immediacy and importance of the interest in law enforcement sought to be advanced in this case by requiring the defendant to stop and exit his vehicle against the extent of the intrusion into his privacy occasioned thereby, we have no hesitancy in holding that the detention resulted in no violation of his Fourth Amendment rights." *State v. Noble*, 179 Ga. App. 785, 786, supra. It follows that the subsequent arrest of defendant and intoximeter test were lawful and that defendant's "motion in limine and motion to suppress" were properly denied.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED MAY 31, 1988.

*Allan R. Smith,* for appellant.
*John C. Carbo III, Solicitor,* for appellee.