## A89A1762. PHILPOTT v. THE STATE.
(390 SE2d 664)

Cooper, Judge.

Appellant was convicted of driving under the influence of alcohol, i.e., driving a moving vehicle while there was .12 percent or more by weight of alcohol in her blood. See former OCGA § 40-6-391 (a) (4). She contends on appeal that the trial court erred in denying her motion to suppress all evidence of intoxication and in denying her motion for mistrial made during the solicitor's closing argument.

1. At the hearing on the motion to suppress, the deputy sheriff who arrested appellant testified that while he was patrolling on December 31, 1988, he received a dispatch from "911" to be on the lookout for a suspected drunk driver in a dark-colored Camaro with flashing lights around the car tag, traveling north on Youngs Mill Road. The deputy spotted a black Camaro that fit the broadcast description on Youngs Mill Road and saw it pull over onto the shoulder of the road. He pulled in behind the stopped car, approached the car, and asked to see the driver's license and proof of insurance. He then detected the odor of alcohol and subsequently arrested the driver, appellant, for driving under the influence. Appellant testified that she stopped her blue Camaro when she saw the deputy's flashing blue lights behind her. The trial court found that a stop had been made, and that the stop was supported by probable cause.

" 'Theoretically, there are at least three kinds of police-citizen encounters: verbal encounters involving no coercion or detention; brief "stops" or "seizures" which must be accompanied by a reasonable suspicion; and "arrests" which must be supported by probable cause.' " *Miranda v. State*, 189 Ga. App. 218 (1) (375 SE2d 295) (1988). The trial court's finding that the deputy sheriff stopped appellant is supported by evidence in the record; however, only a "reasonable suspicion" is necessary to make a constitutionally acceptable stop. *McAdoo v. State*, 164 Ga. App. 23, 27 (295 SE2d 114) (1982). When the deputy sheriff spotted a car matching the description of a vehicle which was the subject of a broadcast lookout, he had a sufficient reasonable suspicion to make a constitutionally permissible stop of the car. See *Pinkston v. State*, 189 Ga. App. 851 (1) (377 SE2d 864) (1989); *Franklin v. State*, 143 Ga. App. 3 (1) (237 SE2d 425) (1977). The trial court did not err in denying appellant's motion to suppress.

2. Appellant also contends the trial court erred by denying her motion for mistrial which followed allegedly improper remarks made by the solicitor during his closing argument. The trial court instructed the jury to disregard the offending argument and denied appellant's motion for mistrial.

" 'In passing on a motion for mistrial because of an improper statement of a prosecutor, the trial judge may take such action as in his judgment will prevent harm to the defendant, and a new trial will not be granted unless it is clear that such action failed to eliminate the statement from consideration by the jury.' [Cit.]. 'The extent of a rebuke and instruction is within the discretion of the court, and when . . . the improper remarks are cured by timely corrective action calculated to preserve the defendant's right to a fair trial, then we cannot say that the court abused its discretion in refusing to grant a mistrial.' [Cit.]" *Horah v. State*, 173 Ga. App. 306 (4) (325 SE2d 917) (1985).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 9, 1990.

*Kenneth L. Gordon*, for appellant.
*Robert B. Whatley, Solicitor, Daniel W. Lee, Assistant Solicitor*, for appellee.