A90A1196. THE STATE v. RHULE.
(397 SE2d 556)

BANKE, Presiding Judge.

This is an appeal by the state from the grant of the defendant's motion to suppress in a prosecution for possession of cocaine with intent to distribute.

At approximately 4:00 p.m. on July 6, 1989, Officer Jenkins of the Gwinnett County Police Department received a telephone call from an individual previously unknown to him who professed to know a person named David who was dealing in cocaine. Jenkins testified that the informant expressed a desire to assist the police in stopping David from engaging in this activity and told him that David would be in the parking lot of a certain supermarket later that afternoon with approximately half an ounce of cocaine.

Jenkins met with the informant a couple of hours later in the company of several other officers and was advised by the informant at that time that David would arrive at the parking lot in question at about 8:00 that evening. Accompanied by the informant, the police then set up a surveillance at the location; and at around 8:00 the defendant appeared, driving a vehicle matching the description of the vehicle the informant had said David would be driving. Jenkins testified that after making a circle around the parking lot, the vehicle stopped in an area away from the store and from the other vehicles parked in the lot.

After verifying through radio communication with the informant, who was observing these events from another officer's vehicle, that "this was in fact the vehicle and person described to me," Officer Jenkins approached the defendant's vehicle in the company of another officer and asked him to get out and identify himself. The defendant complied and, asked to state why he was in the parking lot, responded that he was there to meet someone. The officer then conducted a protective patdown of the defendant's person for the purpose, in his words, of "searching for weapons for my safety and the safety of the other [officers] that were present." He testified that during the course of this search he felt a hard cylindrical object in the defendant's pants pocket and removed it, believing it might be "some form of weapon." It proved to be a tightly rolled plastic baggy containing cocaine. The defendant was placed under arrest on the basis of this discovery. *Held:*

"[W]hile an *unverified* tip from an unknown informant may not supply probable cause for a search or a warrant, if the information

carries enough indicia of reliability, it will authorize a forcible stop of a suspect to maintain the status quo momentarily while obtaining more information." *State v. Bassford*, 183 Ga. App. 694, 698 (359 SE2d 752) (1987). Although the informant in this case was previously unknown to the arresting officers, he or she met with them personally after the initial telephone communication and therefore was no longer anonymous by the time the search occurred. In addition, the informant was willing to place his or her credibility on the line by accompanying the police to the location where the defendant was to bring the contraband. Under the circumstances, we hold that the informant's information carried sufficient indicia of reliability to warrant, at the very least, a brief investigatory detention of the defendant. Because a protective patdown search is authorized during the course of such a detention, see *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968), we consequently hold that the trial court erred in granting the appellant's motion to suppress.

*Judgment reversed. Birdsong and Cooper, JJ., concur.*

DECIDED SEPTEMBER 4, 1990 —
REHEARING DENIED SEPTEMBER 24, 1990 —

*Thomas C. Lawler III, District Attorney, Thomas N. Davis, Jr., Assistant District Attorney*, for appellant.
*Pruitt & Britt, Walter M. Britt*, for appellee.