## A91A1394. THE STATE v. McFARLAND.
### (411 SE2d 314)

Sognier, Chief Judge.

Michael McFarland was charged with the offenses of DUI, OCGA § 40-6-391; driving with no proof of insurance, OCGA § 33-34-10; and being a habitual violator, OCGA § 40-5-58. The State appeals from the grant of McFarland's motion to suppress evidence.

The evidence presented at the hearing on the motion to suppress reveals that in the early morning hours of October 19, 1990, Officers Gilleland and Heard of the Canton Police Department were sitting in their parked patrol car completing a report when they received a radio dispatch informing them that the attendant in a service station across the street from their car had telephoned a complaint regarding an intoxicated customer and described both the customer's clothing and his car. The police officers immediately observed a car meeting the description pulling out of the service station across the street, and they followed the car. Gilleland testified that during the time the officers were following the car, they did not see anything indicating that the driver was violating the law. However, after following the car into and out of a deserted shopping center the police officers stopped the car, approached the driver, and asked to see his driver's license and proof of insurance. The driver stepped out of the car, identified himself as appellee, and informed the officers that he did not have a license and was a habitual violator. These statements were verified by the police radio dispatcher. Gilleland testified that he smelled "a strong odor of alcoholic beverage coming from the car," and consequently he conducted field sobriety tests, which appellee failed, and appellee was arrested.

Appellee's motion to suppress was made on the ground that the officers did not have an articulable suspicion that warranted the stop of his car and the stop was therefore unlawful. See *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968). The trial court granted appellee's motion, ruling that the radio dispatch by itself, although sufficient to warrant further investigation, was insufficient to authorize the stop, based on this court's holding in *Johnson v. State*, 197 Ga. App. 538 (398 SE2d 826) (1990). This appeal does not involve a trial court's rulings on disputed facts and credibility at a suppression hearing, which must be accepted by a reviewing court unless clearly erroneous, *Cullen v. State*, 194 Ga. App. 543, 545 (390 SE2d 908) (1990), as the facts in the case sub judice were not in conflict. Rather, "[t]his court's responsibility in reviewing the trial court's decision on a motion to suppress is to ensure that there was a substantial basis for the decision. [Cit.]" *Chastain v. State*, 196 Ga. App. 50 (1) (395 SE2d 570) (1990). We find that there was not, and we reverse.

In *Johnson*, supra, this court reversed the denial of a motion to

suppress made on the ground that the initial stop of a vehicle was unlawful. Relying on the recent U. S. Supreme Court case of *Alabama v. White*, 496 U. S. ___ (110 SC 2412, 110 LE2d 301) (1990), the *Johnson* court held that a radio bulletin based on an anonymous tip that did not give a detailed description and a prediction of future behavior lacked indicia of reliability and thus did not meet the criteria set forth in *Terry* for a brief investigatory stop. However, unlike the factual situation in *Johnson*, supra, here there was no anonymous "tip," but rather a complaint from an identified individual, the attendant at the convenience store, who had observed appellee's behavior and reported it, giving a detailed description of appellee and his car. *Johnson* is thus factually inapposite.

"Momentary detention and questioning are permissible if based upon specific and articulable facts, which, taken together with rational inferences from those facts, justify a reasonable scope of inquiry not based on mere inclination, caprice or harassment. An authorized officer may stop an automobile and conduct a limited investigative inquiry of its occupants, without probable cause, if he has reasonable grounds for such action — a founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing. [Cit.]" *State v. Misuraca*, 157 Ga. App. 361, 364-365 (276 SE2d 679) (1981). We have no hesitation in concluding that Officer Gilleland, upon hearing a radio report that an identified person has observed an intoxicated person driving away in a described car, had reasonable grounds for stopping appellee's car based on his founded suspicion that the law against driving while intoxicated was being violated. "We conclude that regardless of the absence of outward visible indicia of driving under the influence this was one of those situations in which there was 'at least reasonable and articulable suspicion' to authorize the stopping and detaining of the motorist. [Cits.] . . . Given the fact that the officer had received information that the driver of this automobile [was intoxicated], . . . and that he first spotted the automobile being driven onto a public thoroughfare, it is obvious that he had a legitimate purpose in stopping the automobile without a traffic violation having occurred in order to ascertain the condition of the driver. Clearly a limited but immediate inquiry was dictated by these circumstances and authorized under the law. Under the evidence the initial stop was reasonable." *State v. Thomason*, 153 Ga. App. 345, 347 (1) (265 SE2d 312) (1980). Accordingly, the trial court erred by granting appellee's motion to suppress evidence. See generally *State v. Rhule*, 197 Ga. App. 47 (397 SE2d 556) (1990).

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 17, 1991 —
RECONSIDERATION DENIED OCTOBER 15, 1991 — 

*Garry T. Moss, District Attorney,* for appellant.
*Jason R. Hasty,* for appellee.