## A95A0154. THE STATE v. MOON.
(459 SE2d 441)

RUFFIN, Judge.

Leland Ray Moon was indicted on three counts of possessing illegal drugs in violation of the Georgia Controlled Substances Act. He moved to suppress contraband seized from his car on the ground that the arresting officer lacked articulable suspicion or probable cause to detain him and conduct a warrantless search of his vehicle without his consent. The trial court granted the motion to suppress, and the State appealed.

The record shows that the Duluth Police Department received an anonymous telephone tip from someone in a Waffle House who observed a possible drug transaction involving a white male and a white female in a blue Cadillac at an adjacent gas station. Officer Crispin Henry responded to the call within two minutes. As the officer approached the vehicle, he observed a white male cleaning the car's windshield and a white female in the passenger seat placing something on the floor of the car. Henry walked up to the man, later identified as Moon, and advised him that he was investigating a possible drug transaction. Without being asked to do so, Moon gave Henry his driver's license and vehicle registration. Henry asked Moon if he would consent to a search of the car, Moon refused, and Henry placed Moon in his patrol car. Officer Henry then went to the passenger side

and asked the passenger if she would consent to a search of her bag on the floor of the car. She consented to the search, stepped out of the car, and emptied her bag onto the hood of the car. The bag contained suspected cocaine and marijuana, and Henry placed the woman under arrest. Henry then looked inside the car and spotted a black shaving bag in the middle of the front seat in which he discovered additional drugs and paraphernalia. Moon was then arrested.

The State contends the trial court erred in granting Moon's motion to suppress because Officer Henry was acting upon a reasonable, articulable suspicion that Moon and his passenger were engaged in illegal activities.

In order "for an anonymous telephone tip to provide a basis for articulable suspicion for police to make an investigatory stop [cit.], the tip must provide some basis for predicting the future behavior of the subject of suspicion." *Johnson v. State*, 197 Ga. App. 538, 539 (398 SE2d 826) (1990). The State concedes that the tip in the instant case failed to predict future behavior and that the information reported was relatively minimal. Nonetheless, it contends Officer Henry had articulable suspicion because the tipster accurately described the make and color of the Cadillac and its occupants and Officer Henry observed certain suspicious conduct by Moon and his passenger — that the passenger placed something on the floorboard and Moon handed Henry his license and registration before Henry requested it.

"This court is bound to review a trial court's ruling on a motion to suppress most favorably to uphold its findings and will not disturb its findings unless clearly erroneous. [Cits.]" *Bowen v. State*, 210 Ga. App. 348, 350 (1) (436 SE2d 76) (1993). Viewing the evidence in this light, we find no error.

Neither the anonymous tip nor the conduct observed by Officer Henry would " 'warrant a man of reasonable caution in the belief that a stop was appropriate.' [Cit.]" *Johnson*, supra at 539. Just as we found in *Johnson*, in the instant case, "the description of [Moon] was general and completely lacking in detail. The tip made no prediction about future behavior by which its reliability could be tested. The tip alone 'provided virtually nothing from which one might conclude that the caller is either honest or his information reliable. . . .' " Id. The tip also failed to reveal any details about the alleged illegal activity. Id. "Although the tip certainly warranted police investigation, further observation and corroboration [were] required before a forcible stop was authorized." Id. at 539-540. See also *Moreland v. State*, 204 Ga. App. 218 (418 SE2d 788) (1992). Accordingly, the trial court did not err in granting the motion to suppress.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED JULY 11, 1995.

*Daniel J. Porter, District Attorney, Donald L. Johstono, Jr., Assistant District Attorney*, for appellant.
*Fletcher W. Griffin III*, for appellee.