A96A0809. HANSEN v. THE STATE.
(474 SE2d 735)

Judge Harold R. Banke.

After a bench trial, Robert E. Hansen was convicted of driving under the influence (less safe), driving with an expired license, and no proof of insurance. From his conviction and sentence of probation and fines, he appeals. *Held*:

1. Claiming the officer had no legitimate reason to stop his vehicle, Hansen moved to suppress all evidence the State obtained as a

result of that stop, including the results of field sobriety tests. In his first enumeration of error, he claims the trial court erred by denying that motion.

" 'When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them.' . . . [Cit.]" *Allenbrand v. State*, 217 Ga. App. 609 (1) (458 SE2d 382) (1995). The inquiry is whether the officer had reasonable grounds, based on specific and articulable facts, for making the stop. *Vansant v. State*, 264 Ga. 319, 320 (2) (443 SE2d 474) (1994). "[A] founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing." (Citations and punctuation omitted.) *State v. McFarland*, 201 Ga. App. 495, 496 (411 SE2d 314) (1991).

Evidence produced at the motion hearing showed that Cobb County police officer May was dispatched to investigate a domestic disturbance at Hansen's house at approximately 3:30 p.m. on September 19, 1994. He met Hansen in the driveway and entered the house with Hansen's permission to speak with a guest who apparently did not want to leave. While there, he noted Hansen appeared to be intoxicated, he smelled of alcohol, and his speech was slightly slurred.

The unwelcome visitor left, but at 7:30 p.m. Officer May received another dispatch to the same residence to investigate another possible domestic dispute. When he arrived, the front door of the house was open; he walked inside and found no one there. He returned to the front yard and found a boy of ten or twelve years old who said he lived there. At that time, Hansen drove by, looked in the officer's direction, and kept going. The officer followed Hansen in his patrol car and stopped him to investigate the domestic disturbance call. Also, having seen Hansen's intoxicated condition three and one-half hours earlier, Officer May did not believe he would have sobered sufficiently to drive a vehicle.

These facts give rise to an articulable suspicion saving this traffic stop from Hansen's charges of "pretext." In this case, the totality of circumstances — the second domestic disturbance report, the earlier intoxication, and the fact that Hansen drove past the officer and child standing in his front yard — authorized the officer to conclude Hansen likely had been engaged in criminal activity. *Cheatham v. State*, 204 Ga. App. 483, 484 (1) (419 SE2d 920) (1992); *McFarland*, supra.

2. Hansen filed a motion in limine to prevent Officer May from testifying about empty beer cans he saw in Hansen's kitchen when he

entered the house after receiving the second dispatch. He contends the trial court erred by rejecting his argument that the officer's entry constituted an illegal search. Pretermitting whether the officer's actions were constitutionally permissible, we find no harmful error. Officer May testified that when he entered the house on his first visit at Hansen's request, he saw the beer cans in the kitchen. When he returned, he stated, the cans were still there and the kitchen "was in the same order that I felt it was the first time I was there." This additional testimony gave the factfinder no new prejudicial information to consider, and its admission is no grounds for reversal. *Gilbert v. State*, 209 Ga. App. 483, 485 (2) (433 SE2d 664) (1993).

3. After the case was called for trial and the rule of sequestration invoked, Hansen requested a jury trial even though his attorney, with his consent, had waived that right in writing nine months before trial. He now claims that because he told the trial court he did not understand the consequences of his waiver, the court should have allowed him to reassert his right to a jury trial. We disagree. Hansen's attorney acknowledged he consulted with his client before signing the waiver. "[T]hough the evidence was in conflict, the record supports the trial court's finding that defendant consulted with his attorney and made an intelligent and knowing decision to waive this right." *McCollum v. State*, 201 Ga. App. 493, 494 (1) (411 SE2d 328) (1991). "Since the [original] waiver of the jury trial was effective, it was [Hansen's] burden to revoke the waiver in such fashion so as not to delay the trial or impede the cause of justice. [Cit.]" *Mojica v. State*, 210 Ga. App. 826 (1), 827 (437 SE2d 806) (1993). The court did not err in finding this request for jury trial untimely.

4. Hansen's motion to strike the State's brief and for contempt is denied.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED AUGUST 19, 1996.

*Patrick D. Deering*, for appellant.
*Benjamin F. Smith, Jr., Solicitor, Barry E. Morgan, Cindi L. Teelon, Assistant Solicitors*, for appellee.