A97A0384. THE STATE v. WILLIAMS.
(484 SE2d 775)

BIRDSONG, Presiding Judge.

In this DUI case, the State appeals the trial court's grant of Glenda Williams' motion to suppress. See OCGA § 5-7-1 (a) (4). Evidence on the hearing showed that on the evening of May 20, 1996, someone called Cobb County's 911 service and stated, "my girlfriend's trying to leave. She's real upset. She's been drinking tequila, and I don't want her to leave." The caller did not give his name but said that he was "across the street" from 6041 Blackhawk Trail and that the girl friend drove a green "5.0 Mustang." He hung up before the operator could obtain any more information.

Approximately an hour later, the 911 operator dispatched two Cobb police officers to 6041 Blackhawk Trail and relayed the information given by the caller. After stopping in front of that address, the officers saw a green Ford Mustang 5.0 coming down the street. Because the officers believed this car to be the one for which they were looking, one officer waved his arm for it to stop. Williams, the driver, stopped in her own driveway 20 feet past the officers. An officer approached Williams and asked for her license and registration, at which time he noticed alcohol on her breath. Subsequent field

sobriety tests led to her arrest for DUI. The trial court found the officers lacked the reasonable articulable suspicion necessary to stop Williams and suppressed the resulting evidence. *Held*:

1. The State argues the officers did not "stop" Williams, but rather approached her after she stopped of her own accord in her driveway. "When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them." (Citation and punctuation omitted.) *State v. Diamond*, 223 Ga. App. 164, 166 (477 SE2d 320). The trial court found, as a matter of fact, that Williams complied with the officers' request to stop, and its finding is supported by evidence. See *Philpott v. State*, 194 Ga. App. 452, 453 (1) (390 SE2d 664). Therefore, this argument is without merit, and the question is "whether the officer[s] had reasonable grounds, based on specific and articulable facts, for making the stop." *Hansen v. State*, 222 Ga. App. 537, 538 (1) (474 SE2d 735).

2. An investigative stop of a vehicle must be based on "articulable suspicion." Id. On numerous occasions, this Court has cited *Alabama v. White*, 496 U. S. 325 (110 SC 2412, 110 LE2d 301), for the proposition that "articulable suspicion" may not be grounded in an anonymous tip alone. See, e.g., *State v. Ball*, 207 Ga. App. 729, 731-732 (429 SE2d 258). Here, the trial court determined the officers based their stop on information received from an unidentified male. The record supports its finding that this person, who did not give his name, was an "anonymous tipster." See *State v. Sapp*, 214 Ga. App. 428, 429 (1) (448 SE2d 3); see also *Stewart v. State*, 217 Ga. App. 45, 47 (456 SE2d 693) (distinguishing "anonymous tipster" from "concerned citizen").

Unlike *Ball*, supra, the officers in this case had no information showing the tip to be reliable and no information corroborating the tip. In *Vansant v. State*, 264 Ga. 319, 320-321 (2) (443 SE2d 474), the Supreme Court found improper a traffic stop based on information that a vehicle described only as a "white van" had been involved in a hit-and-run accident in the area. The Court held the lack of specific information precluded a finding of articulable suspicion. Id.

In this case, similarly, this anonymous tipster made a generalized statement that an unnamed "girlfriend" drove a green Ford Mustang 5.0. As the trial court noted, the tipster did not even claim that this "girlfriend" had consumed too much alcohol to drive safely or was engaged in any criminal activity. See *State v. Moon*, 217 Ga. App. 790, 791 (459 SE2d 441). The information received from the tipster did not specifically identify the driver or the vehicle. See *Sapp*, supra at 429-430. The tipster provided police with no prediction by

which his reliability could be tested. Id. Further, when the officers stopped the Mustang, it was driving toward and not away from, the address given. Under these circumstances, the anonymous tip was not sufficiently detailed to provide the officers with articulable suspicion to stop Williams. See *Moon*, supra; *Sapp*, supra at 429-430; *Moreland v. State*, 204 Ga. App. 218, 219 (418 SE2d 788); see also *McKinley v. State*, 213 Ga. App. 738, 740 (445 SE2d 828). As the officers saw Williams commit no traffic violations prior to stopping her, the trial court did not err by granting Williams' motion to suppress. *Vansant*, supra.

The cases the State cites are distinguishable. In *State v. McFarland*, 201 Ga. App. 495 (411 SE2d 314); *Holcomb v. State*, 191 Ga. App. 379 (381 SE2d 594), and *State v. Noble*, 179 Ga. App. 785 (347 SE2d 722), police received information from concerned citizens that a specific suspect was intoxicated or appeared to be intoxicated. None of these cases involved anonymous tips, as in each instance the citizen's identity was known to police or the citizen spoke directly to the investigating officer. In *Easterlin v. State*, 216 Ga. App. 112, 113-114 (452 SE2d 801), the anonymous tip was verified when the officer observed the defendant driving erratically. In *Philpott*, supra, the Court did not address the source of the officer's information.

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED MARCH 26, 1997.

*Benjamin F. Smith, Jr., Solicitor, Laura J. Murphree, Barry E. Morgan, Assistant Solicitors*, for appellant.

*Jackel, Rainey, Marsh & Busch, James L. Rainey, Kimberly S. Blackwell*, for appellee.