## A01A2378. HUDSON v. THE STATE.
### (558 SE2d 420)

ELDRIDGE, Judge.

Following a bench trial in the State Court of Cherokee County, William Leroy Hudson was found guilty of DUI — excessive blood alcohol content. He appeals and, in his sole enumeration of error, contends the trial court erred in denying his motion to suppress the results of his breath test because the State trooper did not have a reasonable articulable suspicion to perform a *Terry*[1] investigative stop of Hudson's vehicle. Since the facts of record demonstrate reasonable suspicion to support the trooper's stop of Hudson's vehicle, we affirm the judgment below.

> When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them. The inquiry is whether the officer had reasonable grounds, based on specific and articulable facts, for making the stop. A founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing.[2]

Furthermore, in considering the denial of a motion to suppress, we consider all the evidence of record, including evidence introduced at trial.[3]

[1] *Terry v. Ohio*, 392 U. S. 1, 21 (88 SC 1868, 20 LE2d 889) (1968).

[2] (Citations and punctuation omitted.) *Hansen v. State*, 222 Ga. App. 537, 538 (1) (474 SE2d 735) (1996).

[3] *Peters v. State*, 242 Ga. App. 816, n. 1 (531 SE2d 386) (2000); *Jackson v. State*, 230 Ga. App. 292, 296 (6) (496 SE2d 315) (1998).

At the hearing on the motion to suppress, Georgia State Patrol Trooper Dane Kirby testified that at approximately 10:00 a.m. while on patrol in the Canton area of Interstate 575, he received a radio dispatch stating that he should be on the lookout for a black 1990s Ford F-10 pickup truck being driven by a male. The trooper testified that "[t]hey gave us the tag number and also stated that the address on the driver's license was somewhere off of Sixes Road. They specified the road Hodgkins Trail or something, I think it said." The officer was told that the driver of the Ford had attempted to obtain a driver's license at the licensing post in Canton; the employees thereof smelled alcohol on the suspect's breath, and after he was refused service and drove off, the employees called the police.

The trooper waited on the top of the exit ramp at Sixes Road and I-575, as that was the Ford's suspected direction of travel. Approximately 15 minutes later, the trooper spotted a black Ford pickup on Sixes Road. After confirming the make, color, and tag number of the vehicle, the trooper executed the stop. Hudson was driving the vehicle. Investigation resulted in Hudson's arrest for DUI. His subsequent breath test showed a 0.110 blood alcohol content.

At trial, the State called Melissa Childers of driver's license Post 28 in Canton. She identified Hudson as the man who entered the post smelling of alcohol on the date in question. Childers testified that, based on the smell of alcohol, she refused Hudson service; he became irate; and he left in his vehicle. Childers' supervisor, who was sitting beside Childers during her exchange with Hudson, then called the police. *Held*:

Hudson contends that Trooper Kirby did not have a reasonable articulable suspicion to perform the stop of Hudson's vehicle because he had no personal knowledge of any wrongdoing by Hudson. We disagree.

Information received by an officer from a dispatcher's call may provide articulable suspicion to perform an investigative stop.[4]

Moreover, the information about Hudson's intoxicated condition came from a known, law-abiding concerned citizen who testified at trial and who on the day in question had the opportunity to personally observe Hudson and smell the alcohol on his breath.

> When . . . information is supplied by an identified interested citizen, the citizen's credibility is not as suspect and the analysis is not as stringent as when information is given by an anonymous tipster; a law-abiding concerned citizen has a built-in credibility and is deemed to be reliable.[5]

---

[4] *Overand v. State*, 240 Ga. App. 682, 683 (523 SE2d 610) (1999).
[5] *Yearwood v. State*, 239 Ga. App. 682, 683 (521 SE2d 689) (1999).

In addition, the trooper was given specific information about the make, year, color, and model of Hudson's vehicle, as well as the direction in which it would be traveling. All of this information was corroborated before the stop. Here, "the citizen had obtained his information through some personal observation, and the details of the tip were corroborated by the personal observation of the investigating officer."[6]

As the information about Hudson's intoxication came from a reliable source who provided specific details regarding Hudson's vehicle and direction of travel, and these specific details were corroborated by the trooper's observations, there existed a reasonable articulable suspicion for a brief, investigative *Terry* stop of Hudson's vehicle. There was no error in the trial court's denial of the motion to suppress.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED DECEMBER 11, 2001 —
RECONSIDERATION DENIED JANUARY 10, 2002.

*Abernathy & Ballinger, H. Stephen Abernathy, Eric A. Ballinger,* for appellant.

*G. Channing Ruskell, Solicitor-General, Barry W. Hixson, Assistant Solicitor-General,* for appellee.

---

[6] (Punctuation omitted.) *Jones v. State,* 195 Ga. App. 868, 869 (2) (395 SE2d 69) (1990).