A04A1557. THE STATE v. DAVENPORT.
(603 SE2d 324)

MILLER, Judge.

The State appeals from the trial court's grant of Donnie Davenport's motion to suppress evidence seized by police in connection with a traffic stop. On appeal the State contends that the trial court employed erroneous legal standards and failed to give due consideration to the evidence that led the police to initiate the stop of Davenport's vehicle. We disagree and affirm.

Where, as here, the salient facts relating to the traffic stop are undisputed and no question regarding the credibility of witnesses is presented, the trial court's application of the law to the undisputed facts is subject to de novo appellate review. *Vansant v. State,* 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). This Court's responsibility in reviewing the trial court's decision on the motion to suppress is to ensure that there was a substantial basis for the trial court's decision. *State v. McFarland,* 201 Ga. App. 495 (411 SE2d 314) (1991).

The record reveals that on August 13, 2003, the police arrested an individual who possessed drugs while standing near his car. In an attempt to improve his own situation after having been caught, the individual offered to give the police information that he claimed would lead the police to a more significant drug dealer. The individual accompanied the police in a van to an apartment complex near the intersection of 12th Street and Juniper Street. The individual pointed out the door of the apartment where the alleged drug dealer lived and informed police that the dealer drove a "raggedy" white car. The individual did not give the alleged drug dealer's name, but claimed that he could make a phone call to set up a drug deal with the dealer.

The individual made a call to someone on his cell phone and ordered an ounce of cocaine. The police listened to the individual make the call, but did not know who the individual had called, nor did they know the location to which the call had been placed. The individual set up the deal for the ounce of cocaine to take place at an intersection located in a completely different area of town. Although the police did not see anyone exit the apartment where the drug dealer allegedly lived, within ten minutes of the cell phone call, an officer saw two people come from around a corner of the apartment complex and enter a white vehicle that was parked near the apartment that the police had been watching. Neither individual had anything observable in his hands. The individuals pulled out of the apartment complex and made a left turn onto Juniper, which is the only direction they could have legally turned because Juniper is a one-way street.

After following the white car for a few blocks down Juniper, the police turned on their blue lights to initiate a traffic stop. The individuals in the white car did not attempt to elude police, nor had they made any turn off of Juniper to take them specifically in the direction of the location of the purported drug sale. However, after the police had already turned on their blue lights to initiate the stop, one of the officers noticed the driver of the white car pass a bag to the passenger. When the white car pulled over, the passenger got out of the vehicle at an officer's request. The passenger then dropped the bag and attempted to kick it underneath the white vehicle. The police recovered the bag and discovered that it contained 37 grams of cocaine. The police arrested Davenport (the driver of the white vehicle) and the passenger. At the time of the arrest, Davenport was carrying $1,063 in cash. Prior to this arrest, the police had no previous knowledge of Davenport, nor had they had any experience with the individual who provided the information that led them to Davenport.

Davenport moved to suppress the evidence gathered in connection with the traffic stop. Following a hearing in which only the arresting officer testified, the trial court concluded that the officers who pulled Davenport over had not acted based on a reasonable suspicion of criminal activity and decided to suppress the evidence gathered in connection with the stop. The State appeals.

In order for a police officer's investigative stop of a vehicle to be valid, the officer must have had reasonable grounds, based on specific and articulable facts, for making the stop. *Hansen v. State*, 222 Ga. App. 537, 538 (1) (474 SE2d 735) (1996); see also *State v. Williams*, 225 Ga. App. 736, 737 (2) (484 SE2d 775) (1997). The officer initiating the stop must have a particularized and objective basis for suspecting that the person stopped is, or is about to be, engaged in criminal

activity, because a stop that is based only on an unparticularized suspicion or a mere hunch is invalid. See *Painter v. State*, 227 Ga. App. 875, 877 (490 SE2d 544) (1997). In this connection, the "articulable suspicion" needed to justify a stop cannot be based solely on the information provided to police by an anonymous tipster. *Williams*, supra, 225 Ga. App. at 737 (2). Before such information can give rise to the articulable suspicion necessary to warrant a stop, it must be sufficiently corroborated. See *State v. Ball*, 207 Ga. App. 729, 734 (429 SE2d 258) (1993). The information corroborated must be of sufficient detail to predict the future behavior of third parties that otherwise would not be easily predicted; in other words, it must consist of inside information that is unavailable to the general public. *VonLinsowe v. State*, 213 Ga. App. 619, 621 (1) (445 SE2d 371) (1994).

Contrary to the State's arguments, the individual who provided information to the police here was more like an anonymous tipster than a proven police informant. The officer who testified at the motion hearing did not know the individual's name, nor had he had any other experience with the individual prior to the day of Davenport's arrest. There was no evidence of record to show that the status of this unnamed individual should be elevated to anything more than that of an anonymous tipster. Compare *State v. Sapp*, 214 Ga. App. 428, 430 (1) (448 SE2d 3) (1994) with *State v. Smalls*, 203 Ga. App. 283, 285 (2) (416 SE2d 531) (1992).

Based on the information provided by the tipster and the facts and circumstances of this case, we hold that the trial court had a substantial basis for concluding that the police did not have a reasonable and articulable suspicion for initiating the traffic stop of Davenport's vehicle. See *Williams*, supra, 225 Ga. App. at 738 (2). The tipster merely pointed out an apartment and a car (information that anyone in the general public could have provided), but gave no name or description for the alleged drug dealer. Although the tipster made a phone call purporting to set up a drug deal, the police (1) had no idea who the tipster called, (2) did not see anyone leave the alleged drug dealer's apartment to get into the white car, (3) had no prior experience with Davenport, and (4) initiated the traffic stop before Davenport made any clear indication that he was driving to the location of the purported drug sale.[1] In addition, the fact that an officer saw

---

[1] The fact that Davenport turned left onto Juniper to leave the apartment complex does not support the conclusion that Davenport must have been on his way to the drug sale, because Juniper is a one-way street. Davenport made no other turns to indicate that he was headed to the area of town where the alleged drug deal was supposed to take place. Compare *Leonard v. State*, 213 Ga. App. 503, 505-506 (445 SE2d 330) (1994) (motion to suppress properly denied where individual set up drug deal and defendant showed up at exact location of drug deal and in exact manner described by individual).

Davenport pass a bag to the passenger in his car does not support the State's argument that articulable suspicion existed to initiate the stop, because the stop had already been initiated *before* the officer saw anything being passed between the driver and the passenger. See, e.g., *Hughes v. State*, 269 Ga. 258, 260 (1) (497 SE2d 790) (1998) (police did not have articulable suspicion to conduct stop where there was no evidence of exchange of drugs, traffic or ordinance violation, or other basis for conducting stop prior to stop being initiated).

We find unpersuasive the State's argument that the trial court must have somehow employed an incorrect legal standard because it cited in its final order case law dealing with "probable cause" as opposed to "articulable suspicion." The trial court's order makes clear that the cases, which were originally relied upon by the State, were only cited in the order to distinguish such cases from the facts of the present case. Since there was a substantial basis for the trial court's decision to suppress the evidence gathered in connection with the stop, the trial court did not err. See, e.g., *Williams*, supra, 225 Ga. App. at 738 (2) (motion to suppress properly granted where police lacked articulable suspicion to stop defendant based on unreliable and uncorroborated anonymous tip).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JULY 23, 2004.

*Paul L. Howard, Jr., District Attorney, Gary S. Hulsey, Christopher M. Quinn, Assistant District Attorneys*, for appellant.
*Franklin & Hubbard, Brooks S. Franklin*, for appellee.