## A04A1780. RIDING v. THE STATE.
(603 SE2d 776)

BLACKBURN, Presiding Judge.

Following a bench trial, William Christopher Riding appeals his conviction for driving under the influence, contending that the trial court erred by denying his motion to suppress evidence of his intoxication after he was illegally stopped without the requisite articulable suspicion. For the reasons set forth below, we affirm.

> On appeal from a motion to suppress, the evidence is viewed in a light most favorable to upholding the trial court's judgment. The credibility of witnesses and the weight accorded their testimony rest with the trier of fact. Thus, the trial court's findings on disputed facts and credibility must be accepted unless clearly erroneous.

(Punctuation and footnote omitted.) *Sanders v. State.*[1]

Viewed in this light, the record shows that, on the evening of October 27, 2002, a concerned citizen, who was clearly distraught, entered the Woodstock Police Precinct and reported directly to police that he had witnessed two cars being driven erratically and very dangerously. The concerned citizen described the two cars as a red Chevy Blazer with its hatchback open and a small black passenger car with license plate number 7170AAH. The citizen stated further that he had last seen the two cars turn onto Towne Lake Parkway.

In response to the citizen's report, Officer Ballard drove down Towne Lake Parkway, and, minutes after the citizen's report had been received, he observed a red Chevy Blazer with its hatchback open and a black passenger vehicle following it out of a gas station. At that point, Officer Ballard initiated his blue lights and stopped both cars. Next, he saw that the license plate number of the black vehicle was 7170AAY. Following the stop, Officer Ballard immediately smelled the odor of an alcoholic beverage on Riding, who was driving the

---

[1] *Sanders v. State*, 247 Ga. App. 170 (543 SE2d 452) (2000).

Blazer, and, after Riding was subsequently arrested, a breath test showed that his blood alcohol concentration was over the legal limit.

Prior to his trial for DUI, Riding filed a motion to suppress the evidence of his intoxication, contending that his initial stop by Officer Ballard was illegal because it was not supported by the requisite articulable suspicion. The trial court disagreed and denied Riding's motion to suppress. Riding now appeals this ruling.

> Momentary detention and questioning are permissible if based upon specific and articulable facts, which, taken together with rational inferences from those facts, justify a reasonable scope of inquiry not based on mere inclination, caprice or harassment. An authorized officer may stop an automobile and conduct a limited investigative inquiry of its occupants, without probable cause, if he has reasonable grounds for such action — a founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing.

(Punctuation omitted.) *State v. McFarland.*[2]

This case is controlled by *State v. Noble.*[3] In *Noble*, an officer was directing traffic at the scene of a grass fire when an unidentified motorist pulled to a stop beside him in order to report that she believed that the man driving the car behind her was drunk. Acting on this information, the officer stopped the driver behind the unidentified citizen and discovered that the driver was, in fact, driving under the influence. After his arrest, the driver moved to suppress the evidence of his intoxication, contending that the officer lacked reasonable, articulable suspicion to make the stop.

On the basis of these facts, this Court held:

> The report by the "concerned citizen" driver in this case that she believed the defendant was drunk must certainly be considered a reasonable and articulable basis for a suspicion by the officer that the defendant might be driving under the influence of alcohol. It follows that the officer was authorized to detain the defendant briefly for the limited purpose of determining whether he in fact exhibited perceptible manifestations of intoxication.

[2] *State v. McFarland*, 201 Ga. App. 495, 496 (411 SE2d 314) (1991).
[3] *State v. Noble*, 179 Ga. App. 785 (347 SE2d 722) (1986).

*Noble,* supra at 785. See also *State v. Williams*[4] (unidentified concerned citizen who speaks directly to police officer not considered anonymous tipster).

In this case, the concerned citizen, in person, spoke directly to the police. He specifically described the cars involved, including Riding's red Chevy Blazer with an open hatchback, and reported that the cars were being driven erratically in an illegal manner. Within minutes of the concerned citizen's report, Officer Ballard came into contact with cars matching the concerned citizen's description on the road on which the citizen had last seen them traveling. The concerned citizen's report, along with Officer Ballard's subsequent identification of the cars previously described by the concerned citizen, "must certainly be considered a reasonable and articulable basis for a suspicion by [Officer Ballard] that the defendant [may have been driving erratically and illegally]." *Noble,* supra at 785.

Although Riding argues the holdings of cases such as *VonLinsowe v. State,*[5] they do not change the result here. In these cases, a tip was received from a citizen who did not report in person directly to a police officer. For example, in *VonLinsowe,* police received only an anonymous phone call. As such, the tips received in cases such as *VonLinsowe* must be considered anonymous tips requiring corroboration, not tips from a concerned citizen. Therefore, such cases are distinguishable from the matter at hand, where the concerned citizen reported directly to the authorities.

Accordingly, Officer Ballard had the requisite articulable suspicion required to stop Riding, and the trial court correctly denied his motion to suppress.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED AUGUST 26, 2004.

*Webb & D'Orazio, Robert F. Webb,* for appellant.
*David L. Cannon, Jr., Solicitor-General, Barry W. Hixson, Assistant Solicitor-General,* for appellee.

---

[4] *State v. Williams,* 225 Ga. App. 736, 738 (484 SE2d 775) (1997).
[5] *VonLinsowe v. State,* 213 Ga. App. 619 (445 SE2d 371) (1994).