A05A1743. RUCKER v. THE STATE.
(624 SE2d 259)

MILLER, Judge.

Following a jury trial, Roger Rucker appeals from his conviction for trafficking in cocaine. He contends that the trial court erred in denying his motion to suppress and that the evidence was insufficient to sustain his conviction. We agree and reverse.

1. Rucker first enumerates as error the denial of his motion to suppress.

> While the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.

(Citations and punctuation omitted.) *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). The undisputed evidence showed that an officer received a telephone call from a known but untested tipster informing him that someone nicknamed "Rook," a black male slightly over six feet tall with a muscular build, would be behind the wheel of a 1988 beige and brown Delta at a local health department with his girlfriend as a passenger. The tipster told the officer that "Rook" had some cocaine in his possession. Based on this information, the officer went to the health department, where he observed a vehicle fitting the description given by the tipster as it was driving away. When the officer stopped the vehicle, he observed the male driver, Rucker, lean toward the female passenger. The officer subsequently discovered cocaine in the female passenger's clothing.

Rucker argues that because the tipster's reliability was unknown, the information he provided to the officer was insufficient to support a stop of his vehicle. An officer may stop a person to conduct a brief investigation if specific, articulable facts give rise to a reasonable suspicion of criminal conduct. *Terry v. Ohio*, 392 U. S. 1, 21 (88 SC 1868, 20 LE2d 889) (1968).

> Although a tip provided by an informant of unknown reliability will not ordinarily create a reasonable suspicion of criminal activity, if the tip is detailed enough to provide some basis for predicting the future behavior of the suspect, reliability may be established if the details are corroborated by the observations of the police.

(Citations and punctuation omitted.) *Wright v. State*, 272 Ga. App. 423, 427 (2) (612 SE2d 576) (2005). It is true that information provided by a known but untested informant has more reliability than an anonymous tip. See *Bentley v. State*, 214 Ga. App. 580, 582 (2) (448 SE2d 479) (1994). Georgia law still requires, however, that the information be of "sufficient detail to predict the future behavior of third parties that otherwise would not be easily predicted; in other words, it must consist of inside information that is unavailable to the general public." (Citation omitted.) *State v. Davenport*, 268 Ga. App. 704, 706 (603 SE2d 324) (2004). Here, although the officer was able to corroborate the description of the vehicle, its location, and the fact that there was a black male driver and female passenger, the tip did not provide any information concerning Rucker's future behavior. Compare *Brown v. State*, 223 Ga. App. 364 (477 SE2d 623) (1996) (tip provided information on future behavior including destination). All information corroborated by the officer here related to easily obtained facts. See *Alabama v. White*, 496 U. S. 325, 332 (110 SC 2412, 110 LE2d 301) (1990). Anyone could have predicted the facts here because they involved conditions presumably existing at the time of the call. Id. Thus the tip, as corroborated, was not sufficiently reliable to justify the investigatory stop of Rucker's vehicle.

The State argues that the tipster in this case is a concerned citizen, and that this tip is therefore deemed to be reliable. See *Hudson v. State*, 253 Ga. App. 210, 211 (558 SE2d 420) (2001). In this case, however, the officer testified that he had arrested the tipster in the past. Thus he does not fit the definition of a concerned citizen and is more akin to a known informant of unknown reliability. See id. (licensing post employee who called police after noticing strong odor of alcohol on customer was a concerned citizen); *Edgerton v. State*, 237 Ga. App. 786, 787-788 (516 SE2d 830) (1999) (tipster who had never

provided information in the past, was a suspect in a criminal investigation, and whom officer knew from earlier arrest was a known informant of unknown reliability).

The trial court erred in failing to suppress evidence seized in the wake of the invalid stop of Rucker's vehicle.

2. As we have held in Division 1 that the trial court erred in denying Rucker's motion to suppress, his conviction for trafficking in cocaine was not authorized by the evidence and must be reversed. See *Mercer v. State*, 251 Ga. App. 465, 468-469 (3) (554 SE2d 732) (2001).

*Judgment reversed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED DECEMBER 6, 2005.

*Anthony S. Carter, John T. Strauss*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Candace K. Slezak, Assistant District Attorney*, for appellee.