A07A0624. THE STATE v. HOLLOWAY.
(648 SE2d 473)

PHIPPS, Judge.

Appellee Carlton Holloway ("appellee") was indicted for possessing more than one ounce of marijuana. Prior to trial, he moved to suppress the marijuana seized from him following a traffic stop. The trial court granted his motion, and the state appeals. For reasons that follow, we affirm.

When reviewing a ruling on a motion to suppress, we construe the evidence in the light most favorable to the ruling, and we will

---

[14] *Burchett v. State*, 283 Ga. App. 271 (641 SE2d 262) (2007); see *Jackson*, supra.

uphold the trial court's factual findings if supported by any evidence.[1] Viewed in this manner, the record shows that on October 24, 2005, Sergeant Ronald Holloway of the Jones County Sheriff's Department was visited at home by an individual with information about appellee.[2] Sergeant Holloway had known the visitor well for "a couple [of] months," and he testified that the visitor was trustworthy.

The visitor informed Sergeant Holloway that he had overheard a conversation in which someone indicated that appellee would be at unit 3-D of the Raintree Apartments between 8:30 p.m. and 9:00 p.m. that night to purchase marijuana. The visitor further reported that appellee drove a blue van. The original source of the visitor's information was unclear. Sergeant Holloway testified that the overheard conversation involved "the party to . . . Apartment 3-D." Upon questioning from the state, he initially asserted that the information "came from the dealer." He admitted on cross-examination, however, that the visitor did not name the individuals who took part in the conversation, which involved either "somebody connected with the dealer or present at the dealer's [apartment]."

Sergeant Holloway immediately relayed the visitor's information to Lieutenant Jimmy Black, who went to the apartment complex, arriving around 8:35 p.m. As Lieutenant Black drove past unit 3-D, he observed a parked blue van with a license tag registered to appellee. He remained in the area and, shortly after 9:00 p.m., saw the van leave the apartment complex.

At Lieutenant Black's instruction, officers in a nearby patrol car stopped the van and identified appellee as the driver. During the traffic stop, one officer smelled burnt marijuana. The officer also saw a bulge inside appellee's jacket, which a pat-down search revealed to be a bag of marijuana. During a search of the van, the officers discovered a marijuana cigarette inside the center console.

Appellee moved to suppress all evidence obtained following the traffic stop, arguing that the officers had no legal basis to detain him. The state countered that the information provided by Sergeant Holloway's visitor, together with Lieutenant Black's observations at the apartment complex, provided sufficient grounds for the stop. The trial court granted appellee's motion, finding the tip unreliable and the stop unjustified.

"Even if there is no probable cause to arrest for a traffic or other offense, the Fourth Amendment allows police to stop a vehicle to investigate a reasonable suspicion of criminal activity."[3] The state did

---

[1] See *State v. Williams*, 225 Ga. App. 736, 737 (1) (484 SE2d 775) (1997).

[2] Sergeant Holloway and appellee are not related.

[3] *Baker v. State*, 277 Ga. App. 520, 521 (1) (627 SE2d 145) (2006) (footnote omitted).

not present evidence that appellee committed any illegal act — such as a traffic violation — that might have justified the traffic stop. It instead relied upon the information provided by Sergeant Holloway's visitor. A tip from an informant can supply reasonable suspicion for a stop if it "exhibits a sufficient indicia of reliability."[4] The key question, therefore, is the reliability of the visitor's tip.

We agree with the state that Sergeant Holloway's visitor was a concerned citizen. The evidence shows that the visitor reported the information directly — and in person — to Sergeant Holloway. Although the visitor was not identified during the suppression hearing, he was well known to Sergeant Holloway, who characterized the visitor as trustworthy.[5] Given these circumstances, the visitor most reasonably falls into the category of a concerned citizen.[6]

A law-abiding concerned citizen — as opposed to an anonymous tipster — "has a built-in credibility and is deemed to be reliable."[7] This inherent reliability, however, does not end our inquiry. Regardless of whether Sergeant Holloway's visitor was a trustworthy, reliable source, the information he provided constituted hearsay gleaned from an overheard conversation between unknown individuals. Such hearsay did not become reliable simply because it passed through a concerned citizen. The record provides little — if any — information about the circumstances of the conversation or the persons involved. As noted by the trial court, "there is no evidence from which [the court] can judge the reliability of the parties to that conversation, or the manner in which they acquired the information."

In essence, Sergeant Holloway's visitor provided information that originated from an anonymous source. And " 'articulable suspicion' may not be grounded in an anonymous tip alone."[8] To establish reasonable suspicion, anonymous information must contain indicia of reliability, such as by "provid[ing] details correctly predicting a subject's 'not easily predicted' future behavior, or . . . details which police corroborate as showing similar inside information about the subject's affairs."[9]

The trial court did not err in finding that the tip in this case lacked the necessary reliability. For example, appellee's van was already present when Lieutenant Black arrived at the Raintree

---

[4] Id. at 522 (1) (footnote omitted).

[5] Following Sergeant Holloway's testimony, the trial court noted that it found the officer's testimony to be completely credible.

[6] See *Fleming v. State*, 281 Ga. App. 207, 208 (2) (635 SE2d 823) (2006); *Riding v. State*, 269 Ga. App. 289, 291 (603 SE2d 776) (2004).

[7] See *Hudson v. State*, 253 Ga. App. 210, 211 (558 SE2d 420) (2002) (footnote omitted).

[8] *Williams*, supra at 737 (2) (citation omitted).

[9] *Baker*, supra at 522 (1) (a) (footnote omitted).

Apartment complex, and the officer admittedly did not know how long it had been parked outside of unit 3-D. Thus, although the tip arguably predicted appellee's arrival at the apartment between 8:30 p.m. and 9:00 p.m., Lieutenant Black could not corroborate that prediction.

On appeal, the state contends that the tip correctly anticipated that appellee would drive in a particular direction after leaving the apartment complex. Sergeant Holloway, however, could not recall whether the visitor provided him with this information. According to Sergeant Holloway, he may simply have assumed that appellee would drive in the direction, which he already knew to be toward appellee's home. The evidence thus supported the trial court's conclusion that the tip did not predict future conduct.

Moreover, the tip offered no other indicia of reliability. The only fact that Lieutenant Black corroborated was the presence of appellee's car outside unit 3-D — a circumstance easily observable by the public at large. The information in the tip "was simply not the kind of predictive 'inside information' about alleged criminal activity that can be meaningfully corroborated and that is necessary to support an investigatory stop."[10] Accordingly, the trial court properly granted appellee's motion to suppress.[11]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JUNE 25, 2007.

*Fredric D. Bright, District Attorney, Gregory L. Bushway, Assistant District Attorney*, for appellant.
*Joseph H. Briley*, for appellee.

---

[10] Id. (footnote omitted) (although corroborated, tipster's information that defendant's car would be in a certain area did not give tip necessary reliability); see also *State v. Dukes*, 279 Ga. App. 247, 250 (630 SE2d 847) (2006) (presence of defendant outside store referenced in tip did not give tip indicia of reliability); *Rucker v. State*, 276 Ga. App. 683, 684-685 (1) (624 SE2d 259) (2005) (presence of described car outside location referenced in tip did not give tip necessary reliability).

[11] See *Dukes*, supra; *Baker*, supra at 522-523 (1) (a)-(b); *Rucker*, supra; *Williams*, supra at 737-738.