A07A1230. BAKER v. THE STATE.
(650 SE2d 786)

MILLER, Judge.

Following a stipulated bench trial, Frank A. Baker was convicted of driving under the influence (DUI) and possession of an open alcoholic beverage container. OCGA §§ 40-6-391; 40-6-253. Baker appeals, contending that the trial court erred in denying his motion to suppress evidence gathered following an allegedly illegal police roadblock. Discerning no error, we affirm.

The evidence shows that in the early morning of April 29, 2006, Baker approached a police roadblock in Henry County. Sergeant Scott Gray of the Henry County Police Department authorized the roadblock and approved the time and place of the same. Henry County police cars with flashing blue emergency lights and uniformed officers wearing reflective vests and holding flashlights marked

the roadblock. The police briefly stopped every vehicle that approached the roadblock to check for driver's licenses, proof of insurance, and evidence of any impairment or illegal activity.

Baker approached the roadblock and was stopped. The screening officer at the roadblock, whose training was extensive in identifying individuals for field sobriety testing and qualified to administer such tests, smelled alcohol coming from Baker's vehicle, observed that his eyes were glassy and bloodshot, and noticed an open beer container in the center console of the car. Baker admitted that he had been drinking, and, after failing several field sobriety tests, agreed that he should not be driving. His arrest followed.

Baker challenges the trial court's denial of his motion to suppress all evidence gathered at the roadblock as error, arguing that the roadblock was illegal because Sergeant Gray was not a supervisory officer having authority to set up the roadblock and that the roadblock served no legitimate primary purpose. We disagree.

> Where, as here, the evidence at a hearing on a motion to suppress is uncontroverted and no question of credibility is presented, we review the trial court's application of the law to undisputed facts de novo. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). This Court's responsibility in reviewing the trial court's decision on the motion to suppress is to ensure that there was a substantial basis for the trial court's decision. *State v. McFarland*, 201 Ga. App. 495 (411 SE2d 314) (1991).

*Carson v. State*, 278 Ga. App. 501, 502 (629 SE2d 487) (2006).

Pursuant to the Fourth Amendment to the United States Constitution, the police may reasonably stop a person at a police roadblock when

> (1) the record reflects that the decision to implement the checkpoint in question was made by supervisory officers and not officers in the field and that the supervisors had a legitimate primary purpose. The phrase "decision to implement" includes deciding to have this roadblock, and where and when to have it. The evidence must also show that (2) all vehicles were stopped as opposed to random stops; (3) the delay to motorists was minimal; (4) the roadblock operation was well identified as a police checkpoint; and (5) the screening officer's training and experience were sufficient to qualify him to make an initial determination as to which motorists should be given field tests for intoxication.

(Footnote and emphasis omitted.) *Baker v. State*, 252 Ga. App. 695, 702 (1) (556 SE2d 892) (2001); see also *LaFontaine v. State*, 269 Ga. 251, 252-253 (3) (497 SE2d 367) (1998).

In uncontroverted testimony, Sergeant Gray testified that he had supervisory authority to set up the roadblock at issue and that its purpose was to examine driver's licenses and check for safety-related impairment or other illegal activity. Such testimony was sufficient to satisfy the first of the *Baker* factors. See *Giacini v. State*, 281 Ga. App. 426, 428 (1) (636 SE2d 145) (2006) ("The uncontradicted testimony of [a] supervisor that he was a supervising officer authorized to implement roadblocks is sufficient to establish the fact. [Cit.]"); see also *Baker*, supra, 252 Ga. App. at 699-700 (1) (check for driver's licenses, proof of insurance, and other violations of Georgia law proper primary purpose). There also was evidence that all vehicles were stopped; delay to motorists was minimal; the roadblock was clearly identified; and the screening officer was well trained in DUI detection and administering sobriety tests.

Since the police roadblock was valid, the police properly stopped Baker. It follows that the trial court did not err in denying Baker's motion to suppress. *Carson*, supra, 278 Ga. App. at 503.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 7, 2007 —

*George C. Creal, Jr.*, for appellant.

*Charles A. Spahos, Solicitor-General, Gilbert A. Crosby, Assistant Solicitor-General*, for appellee.